Jose Esquivel ESTRADA, Appellant,

v.

The STATE of Texas, Appellee.

No. 40837.

Court of Criminal Appeals of Texas.

Jan. 3, 1968.

Howard Hunt, San Antonio, for appellant.

James E. Barlow, Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, thirty years.

It is undisputed that only the appellant, his wife (the deceased), and her daughter, Roberta Gandara, and several small children who were asleep, were in the house when the deceased suffered the injuries resulting in her death.

The testimony of the state reveals that the appellant inflicted the injuries causing the death of the deceased by the use of an instrument referred to in the indictment and in the evidence as a spade fork.

Appellant's testimony shows that the spade fork was in the kitchen during an argument and difficulty between him and his wife, and that the prongs of the spade fork stuck in her head when she fell to the floor, accidentally striking her head on its prongs.

The jury resolved the issues of fact against the appellant and it is concluded that the evidence is sufficient to support their verdict.

From the foregoing testimony, it is evident that the court's refusal of appellant's requested charge on circumstantial evidence was not error.

The court's charge instructed the jury that no act done by accident is an offense against the law. Although, in charging on accident, the application of the law to the facts was not stated as preferred by the appellant, it sufficiently protected the rights of the appellant in light of the evidence and the requested charge. No error is presented.

A fatal variance between the allegations of the indictment and the proof is urged as a ground for reversal.

The indictment charged that the killing was with a "spade fork."

The appellant insists that the testimony shows that the term "spade fork" is ambiguous and an impossibility and that no such instrument exists in fact; that the terms "spade" and "fork" are completely repugnant one to the other and completely

different in their specific characteristics, and in the manner of their use.

Testimony was offered describing a "spade fork" and showing its ordinary and common usage.

The appellant testified on direct examination in part as follows:

"Q All right. When you got up what did you see?

"A Well, my wife was—had a spade fork.

"Q Where did she get it?

"A She got it by the west side of the building."

No motion was made to quash the indictment.

The instrument which caused the injuries resulting in the death of the deceased according to the state and the appellant was introduced in evidence and exhibited to the jury.

The court charged the jury that if they believed the killing was not committed with a spade fork as alleged, or, if they had a reasonable doubt thereof to acquit the appellant.

■ The evidence was sufficient to authorize the jury to conclude that the instrument before them was a spade fork.

■ Notwithstanding the testimony showing the technical and basic structure and the use of the instrument in question, it is concluded that there is no fatal variance between the allegations and the proof. No error is presented.

Error is urged on the ground that the testimony of Dr. Santos, Bexar County Medical Examiner, failed to identify the body of the deceased as that of the person alleged in the indictment.

■ The testimony of Dr. Santos in connection with the testimony of the appellant and Roberta Gandara, that of the officers who came to the scene and accompanied the deceased to the hospital, and that of Dr. Zorilla who first attended and operated on the deceased, and who was present for a brief time while Dr. Santos examined the body, sufficiently identifies the body of the deceased as that of the person alleged in the indictment.

Appellant urges error on the ground that the court commented on the weight of the evidence following the showing of a movie film of the draperies and doorways between Roberta's room and the kitchen, when one juror informed the court that all he "saw was a policeman stepping aside, and it (film) went off," and the court replied, "That was all that was shown."

Following a re-showing of the film, the jury upon inquiry by the court indicated that they all saw it.

Further, at this time the court instructed the jury that "any remarks that the Court may have made in ruling on evidence or any objections made or conversations between the attorneys and the Court; they are not a part of the evidence and are not to be considered by you as such and you will entirely disregard the same in your deliberations for any purpose whatsoever."

The film was offered on the fact issue of what could or could not be seen in the kitchen from Roberta's room at the time in question.

■ From all the evidence and the fact that the film was again shown to the jury and the court's instructions as above set out, no error is perceived.

■ The state's argument to the jury is urged as a ground for reversal. In his brief, the appellant contends that state's counsel testified in his argument that Dr. Zorilla was a dedicated man; that this was the most grisly and horrible murder case he had prosecuted during his ten years as a prosecuting attorney; and that the state's attorney was derelict in his duty in waiving the death penalty.

From a careful consideration of the jury argument complained of, and in connection with all the argument in light of the evidence, it is concluded that no error is shown.

The judgment is affirmed.

ONION, J., not participating.