**Tommy Joe WILBORN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46579.**

Court of Criminal Appeals of Texas.

March 14, 1973.

David L. Loving, III, Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted, upon his plea of guilty, for the offense of burglary and assessed a 12 year sentence.

The sole contention on appeal is that the trial court erred in failing to hold a hearing on appellant's insanity.

The record reflects that, after he was indicted, appellant filed a motion for a psychiatric examination; the trial court appointed Dr. James P. Grigson to examine the appellant. Dr. Grigson found appellant: to be aware of the difference between right and wrong; to be able to aid an attorney in his defense; and to be a sociopath and faking at the time of the examination. Thereafter, appellant filed another motion for additional psychiatric ex-

aminations. He also had subpoenas duces tecum issued for records allegedly regarding his mental health. Subsequently, however, he withdrew his motion for additional examinations and entered his plea of guilty. A hearing on competency was never requested.

Appellant testified that he was aware of Dr. Grigson's findings and that he concurred in the withdrawal of his affidavit of insanity. Nevertheless, he argues that the trial court was aware of the motions, etc., and should have, sua sponte, conducted a competency hearing. We do not agree.

Appellant relies primarily on two cases, Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and Townsend v. State, Tex.Cr.App., 427 S.W.2d 55. These cases are authority for the proposition that where the evidence raises a doubt about the competency of the accused to stand trial, the trial court should, sua sponte, conduct a separate hearing on his competency. Neither case is controlling under the particular facts of this case.

In Townsend v. State, supra, the trial court ignored the finding by a court appointed psychiatrist that the defendant was presently insane. In the case at bar, the court appointed psychiatrist found appellant to be presently sane. Further, in Townsend the defendant had requested a hearing on the issue of insanity. In the case at bar a hearing was not requested and a second motion to have additional psychiatrists appointed to examine the appellant was withdrawn.

In Pate v. Robinson, supra, the defendant urged that he was insane at the time of the commission of his crime and at the time of the trial; and the defendant attempted to have a psychiatrist testify in his behalf. In the instant case, not only did appellant withdraw his request for additional testing and plead guilty, but also the court had before it a finding of present sanity.

We cannot say that the trial court abused its discretion by not conducting, on its own motion, a competency hearing where as here, the appellant did not request a preliminary hearing to determine present sanity, the court appointed psychiatrist found the appellant sane, the appellant withdrew his request for additional testing and pleaded guilty and the record does not reflect evidence which raises a bona fide doubt about appellant's present sanity. Price v. State, No. 45,817, March 7, 1973); Boss v. State, Tex.Cr.App., 489 S.W.2d 580. Compare, Vardas v. State, Tex.Cr. App., 488 S.W.2d 467, and Townsend v. State, supra, in which the issue of present insanity was clearly raised by the evidence.

No motion for rehearing will be filed by the clerk except by leave of this court upon a showing of good cause.

The judgment is affirmed.