**Terry Eugene CULLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48060.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Rehearing Denied March 6, 1974.

**568**

Melvyn Carson Bruder, Dallas (Court appointed), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction was by a jury on a plea of guilty to murder with malice; the punishment assessed by the jury, 3000 years.

The appellant pled guilty before a jury. The facts showed without dispute, including the voluntary confession of appellant, that on September 24, 1971, about 1 P.M., appellant and two others, having carefully planned to do so, invaded the home of Jean Geron, armed with guns, in the perpetration of robbery, where they shot and killed Jean Geron. His wife, child and the children's teacher were also there, but none of the others was killed.

Ground of error number one complains of the argument of the prosecutor when he said to the jury in discussing punishment for retribution or for deterrence:

"Now, if you look at this crime, what's fair, what's right, we all know the answer to that. There's only one penalty that fits this crime, and that would be the electric chair."

The death penalty was not a possible penalty to be assessed by the jury under the court's charge. Considering the evidence in the case, we construe this argument as a method of describing the extreme nature of the crime, rather than an effort to persuade the jury to inflict the death penalty in spite of the law as set out in the court's charge. Estrada v. State, Tex.Cr.App., 422 S.W.2d 453.

█ Nevertheless, the trial judge sustained a general objection and instructed the jury not to consider the argument. Such instruction sufficiently removed the harm, if any, to the extent that reversal is not required. Washington v. State, Tex. Cr.App., 488 S.W.2d 445; Barrera v. State, Tex.Cr.App., 491 S.W.2d 879; Cazares v. State, Tex.Cr.App., 488 S.W.2d 110; and cases collated under ☞730(1) Texas Digest, Criminal Law.

In ground of error number one appellant also urges reversal because of an argument by the prosecutor which was not objected to, hence nothing is presented to us for review.

Ground of error number two presents the following argument by the prosecutor:

"MR. BARKLOW (Prosecutor): You've got the facts here. Those are the facts you set your punishment from. Mrs. Geron came down here and she testified and she told you what happened out there, and that shows a faith in our system that the right thing will be done. And, it must take a lot of courage for her to come in here and place at the hands of twelve strangers this case and try and be assured in her mind that the proper punishment will be met.

"MR. ERWIN (Defense): Judge, we will object to that. The jury is not called upon to give a verdict that Mrs. Geron will like or anyone else will like. That's not a proper argument for law enforcement.

"THE COURT: Sustained.

"MR. ERWIN: Ask the jury disregard it.

"THE COURT: Disregard any argument, Ladies and Gentlemen, that may deal with what the public want or any

other group or individual or combination of individuals may want. Your verdict must be your own based entirely and exclusively on the evidence presented here in Court. You may continue.

"MR. ERWIN: We appreciate the Court's instructions, but feel the remark was so prejudicial that we move for mistrial.

"THE COURT: Overrule your motion for mistrial.

"MR. ERWIN: Please note my exception."

■ We do not approve of the argument quoted. The wishes of the wife of deceased were outside the record and should not have been recited to persuade the jury to give a high penalty. However, in view of the prompt action of the court in sustaining an objection and withdrawing it from the jury's consideration, we will not reverse on this ground. Perry v. State, Tex.Cr.App., 464 S.W.2d 660; Ramos v. State, Tex.Cr.App., 419 S.W.2d 359.

■ For his third contention, appellant's able attorney says that the information conveyed to the judge during the trial raising the question of appellant's competency was sufficient to require the court sua sponte to order a hearing on appellant's sanity.

The information relied upon was the testimony of appellant's brother that when appellant was in the second grade he had difficulty in speaking and retaining knowledge, for which he was placed in a special education class; that he went to schools for the retarded when in the fifth grade; that he was a bricklayer's helper and was an accomplished musician, playing several instruments. At the time of trial appellant was 21 years old. His brother said that just prior to the offense appellant was "just normal as he could be." The testimony of the brother did not raise the issue of insanity at the time of the offense or at the time of trial.

On November 8, 1971, Dr. James P. Grigson, a psychiatrist, gave a written report to the trial judge of his psychiatric evaluation of appellant. He reported that his behavior was normal; that he was able to discuss the murder charge; could give historical information; had no delusions or hallucinations; was oriented as to time, place and person; his I.Q. was between 75 and 80; that he had difficulty with reading and writing. He further stated, "In conclusion, it is my opinion that Terry Eugene Culley is aware of the difference between right and wrong and is able to aid an attorney in his defense." This report was in evidence. Appellant's attorney was present when Dr. Grigson examined him.

The court fully admonished appellant when he pled guilty, observed his responses and conduct and found him to be sane. There was no motion or request for a sanity hearing, no proof offered either that he was insane at the time of the offense or at the time of trial, and no request for an instruction on insanity.

Under these circumstances it was not the duty of the court to conduct a sanity hearing on its own motion. Wilborn v. State, Tex.Cr.App., 491 S.W.2d 432.

■ Appellant seeks, in his fourth ground of error, to challenge the sufficiency of the evidence presented to the grand jury which returned the indictment. This he may not do. Carpenter v. State, Tex.Cr.App., 477 S.W.2d 22; Jackson v. State, Tex.Cr.App., 470 S.W.2d 201; Baldwin v. State, Tex.Cr.App., 490 S.W.2d 583; Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.

In his fifth ground of error, appellant claims the court erred against him when he excused a juror who stated on voir dire that he could not give the 3000 year penalty being asked for by the State.

■ Although we do not approve of such absurd penalties, such punishment was within the range of "any term of years" permitted. There is no showing that ap-

pellant did not have a fair and impartial jury, nor that the State had exhausted its peremptory challenges, one of which might have been used to eliminate the prospective juror. Under these facts, no error is shown. Weaver v. State, Tex.Cr.App., 476 S.W.2d 326; Henriksen v. State, Tex.Cr. App., 500 S.W.2d 491.

Lastly, complaint is made of the introduction in evidence of a photograph of the deceased at the scene of the crime.

■ This is no longer an open question. A verbal description being relevant, a photograph thereof may be used before the jury. Martin v. State, Tex.Cr.App., 475 S.W.2d 265; Terry v. State, Tex.Cr.App., 491 S.W.2d 161; Foster v. State, Tex.Cr. App., 493 S.W.2d 812; Byrd v. State, Tex.Cr.App., 495 S.W.2d 226; Fields v. State, Tex.Cr.App., 500 S.W.2d 500; Kalinec v. State, Tex.Cr.App., 500 S.W.2d 146. See also Harrison v. State, Tex.Cr. App., 501 S.W.2d 668.

Having found no reversible error, we affirm the judgment.

Opinion approved by the Court.