**John Henry REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00265–CR.**

Court of Appeals of Texas,
San Antonio.

June 29, 1983.

David K. Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Sam L. Ponder, Roy Carper, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

OPINION

TIJERINA, Justice.

This is an appeal from a conviction for voluntary manslaughter. Appellant was charged by indictment with murder, however, the jury found him guilty of the lesser offense of voluntary manslaughter and assessed his punishment at twenty years' confinement in the Texas Department of Corrections.

The first ground of error contends that the trial court committed error by refusing appellant's second requested charge to the jury. The essential facts indicate that appellant and other patrons became involved in a fist fight as they were leaving the Godfather lounge at closing time. Appellant left the scene but returned later armed with a gun, and after an exchange of shots, Juan Montemayor was killed and Ruben Rodriguez wounded. Appellant's version of the facts alleged that the bullets he fired ricocheted off a wall before striking the victim and that the gun was fired accidentally through fear and apprehension.

Appellant's requested charge number 2 is set forth:

You are instructed that a person commits an offense only if he voluntarily engages in conduct, including an act, an omission or possession. Conduct is not rendered involuntary merely because the person did not intend the results of his conduct. Therefore, if you believe from the evidence beyond a reasonable doubt

that on the occasion in question the Defendant, JOHN HENRY REYES, did cause the death of JUAN MONTEMAYOR by shooting him with a gun, as alleged in the indictment, but you further believe from the evidence, or you have a reasonable doubt thereof, that the death was the result of an accidental ricochet bullet striking the deceased, which bullet was discharged by the Defendant from a gun as an immediate reaction from fear or apprehension out of what may have reasonably appeared to the Defendant to be an attack on him, and was not the voluntary act or conduct of the Defendant, you will acquit the Defendant and say by your verdict not guilty.

The record reflects that the trial court properly charged the jury on the issues of accidental death and self-defense. Appellant in his brief concedes that the court did give the jury a charge on this issue and that the charge did apply the law to the facts, but argues that the charge did not contain appellant's defensive theory. In *Estrada v. State,* 422 S.W.2d 453 (Tex.Cr.App.1968) the appellant alleged error as a result of the trial court's failure to submit a requested charge on accidental death. The Court ruled no error was presented since the court's charge instructed the jury that no act done by accident is an offense against the law. "Although, in charging on accident, the application of the law to the facts was not stated as preferred by the appellant, it sufficiently protected the rights of the appellant in light of the evidence and the requested charge." *Id.* at 454. More recently in *Beggs v. State,* 597 S.W.2d 375, 379 (Tex.Cr.App.1980) the Court cited the *Estrada* case, *supra,* stating: "It may not be reversible error to apply the law to the facts in language different from the defendant's requested charge...." In the instant case the trial court similarly instructed the jury that no act done by accident is an offense against the law as follows: "but [if] you further believe from the evidence or have a reasonable doubt that the shooting was by the accidental discharge of the gun in the hands of the defendant, John Henry Reyes, then the de-

fendant would not be guilty and should be found not guilty." This precise charge was approved by the Court of Criminal Appeals in *Simpkins v. State,* 590 S.W.2d 129, 135 (Tex.Cr.App.1979). Thus, we conclude that the trial court's charge fairly and properly presented the issue on accidental death and substantially complied with appellant's requested charge. Ground of error number one is overruled.

■ Appellant by supplemental brief asserts ground of error number two complaining that the trial judge commented on the weight of the evidence during appellant's closing argument. During appellant's closing argument the following pertinent commentaries took place:

Mr. Barrera: At the time that I voir dired you, I informed you that under our law in the State of Texas a person who has been threatened or a person who has had a misunderstanding with another one, under our law as I explained to you on voir dire, subject to the Court's ruling on it, told you that a person had a right to arm himself and to go and seek his adversary.

Mr. Ponder: Judge, again I will make the same objection if he is instructing the jury on the law that is not contained in the charge.

The Court: All right. That will be sustained. The jury will disregard the last statement.

\*      \*      \*      \*      \*      \*

Mr. Barrera: If the Court had considered what I told you at voir dire to be incorrect or improper, he would have called it to my attention at that time.

Mr. Ponder: Now Judge, I will object to that.

The Court: Well, at that time the Court didn't know what the facts were going to prove out to be at that time, so I didn't stop him from making those comments at that time, but, however, I didn't have any—you have heard the charge read to you and be governed by the charge. It has the law that pertains to this case.

Appellant then moved for a mistrial but was overruled by the court. It is appellant's contention that such remarks by the trial judge were an improper comment upon the weight of the testimony in violation of Tex.Code Crim.Pro.Ann. article 38.05 (Vernon 1979) which provides as follows:

> In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any stage of the proceeding previous to the return of the verdict, make any remark calculated to convey to the jury his opinion of the case.

In order for a statement by the trial judge to constitute reversible error, the court's comments must be such that they are reasonably calculated to benefit the State or prejudice the rights of the defendant. *Barber v. State,* 511 S.W.2d 937, 941 (Tex.Cr. App.1974). In accord is *Carrillo v. State,* 591 S.W.2d 876, 893 (Tex.Cr.App.1979). It is well established that a jury instruction by the judge to disregard any comments made by him is generally sufficient to cure the error, if any. *Marks v. State,* 617 S.W.2d 250, 252 (Tex.Cr.App.1981). The Court in *Marks v. State, supra,* further noted that the appellant made no request for any instruction to disregard, but moved immediately for mistrial, stating: "[t]he error, if any, was not so egregious that its effect could not have been removed by a timely jury instruction to disregard." *Id.* at 252.

■ In the instant case the trial court immediately after the questioned remarks instructed the jury as follows: "[Y]ou have heard the charge read to you and be governed by the charge. It has the law that pertains to this case." This instruction was commensurate with an instruction to disregard and in view of the rule pronounced in *Marks v. State, supra,* any possible error was cured. Additionally, the record does not reflect a showing of a benefit to the State or prejudice to appellant's rights. Ground of error number two is overruled.

The judgment is affirmed.