COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-498-CR
NO. 2-02-499-CR
  
  
BARTON 
RAY GAINES                                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 213TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
INTRODUCTION
        Appellant 
Barton Ray Gaines was indicted in two cases.  The first indictment charged 
the offenses of aggravated robbery with a deadly weapon, to-wit: a firearm, and 
attempted capital murder, in Cause No. 0836985A.  The second indictment 
alleged the same charges, with a different victim, in Cause No. 0836979A.  
Both cases were tried together.  Appellant pleaded guilty on the charges of 
aggravated robbery and the State waived the charges of attempted capital 
murder.  The jury was instructed to find Appellant guilty and to set 
punishment within the statutory range.  After hearing evidence regarding 
punishment, the jury assessed Appellant’s punishment at thirty-five years’ 
confinement and assessed a $10,000 fine.  Appellant’s court-appointed 
counsel has filed an Anders brief asserting that there are no grounds 
that could be argued successfully on appeal.  Anders v. California, 
386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed a pro se brief 
raising three points on appeal.  We grant counsel’s motion to withdraw, 
overrule Appellant’s points, and affirm the trial court’s judgments.
FACTUAL AND PROCEDURAL BACKGROUND
        Testimony 
showed that on February 21, 2002 Appellant and two friends, Jason Tucker and 
Daniel Aranda, went to a location known as the Rice Paddy, which is a housing 
development where young people hang out.  At this location Appellant began 
talking to Michael Williams and Andrew Horvath, who were together, about buying 
a pound of marijuana. Williams agreed to lead Appellant to a friend who possibly 
had marijuana.  Appellant and his friends followed Williams and Horvath to 
an apartment complex to buy the marijuana.  On the way, Appellant stopped 
at Wal-Mart to buy some beer, but actually purchased shotgun shells.
        Once 
at the apartment complex, Williams attempted to negotiate the marijuana 
transaction.  At one point, Appellant checked Williams for weapons and then 
Appellant began to demand Williams’s wallet.  Williams testified that 
Appellant produced a shotgun and struck him in the head with the barrel.  
Williams and Horvath emptied their pockets and both were physically 
assaulted.  Williams began to run, at which point he heard a “boom” and 
felt his left shoulder go numb.  Williams made it to a convenience store 
and realized he was bleeding.  Once at the convenience store, the police 
were called. Horvath testified that one of Appellant’s friends punched him and 
knocked him down.  Appellant then pointed the shotgun at Horvath and 
demanded his wallet.  Horvath testified that as Appellant and his friends 
were driving off, he was shot from the driver’s side of Appellant’s vehicle.
        At 
trial, Appellant introduced evidence that he began taking Paxil beginning in 
February 2002.  Appellant called Dr. Edwin Johnstone to testify regarding 
the possible role Paxil played in Appellant’s behavior on the day of the 
offense. Dr. Johnstone testified that someone with attention deficit 
hyperactivity disorder, with which Appellant had been diagnosed, who also takes 
Paxil, may develop hypomania.  Dr. Johnstone described hypomania as “sort 
of the opposite of depression.  It is where the person’s mood is high 
instead of low.  The person is in an overenergized state.  The 
elevated mood might be very happy and cheery and euphoric, but most of the time 
actually the mood is sort of a driven, irritable state.”  Evidence was 
also introduced showing Appellant’s prior use of alcohol, marijuana, Xanax, 
cocaine, and methamphetamine.
        Additionally, 
it was shown that Appellant continued taking Paxil while in jail with no adverse 
effects.  Dr. Johnstone believed that the isolation and lack of 
stimulation, as well as Appellant’s lack of access to marijuana, contributed 
to the effects Paxil had on Appellant’s behavior while in jail.  While 
Appellant introduced evidence of his use of Paxil in an attempt to explain his 
behavior, he did not use this as a basis for an insanity claim.  Dr. 
Johnstone specifically testified that he was not offering an opinion as to 
Appellant’s sanity, but rather Appellant’s “disinhibition of social 
judgment.”
STANDARD OF REVIEW
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders, 386 U.S. 738, 87 S. Ct. 1396, by 
presenting a professional evaluation of the record demonstrating why there are 
no arguable grounds for relief. Appellant has also filed a pro se brief.
        Once 
Appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for Appellant to see if there is any 
arguable ground that may be raised on Appellant’s behalf.  Stafford v. 
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
        Appellant 
entered an open plea of guilty, so he waived the right to appeal any 
non-jurisdictional defects, other than the voluntariness of his plea, that 
occurred before entry of the plea so long as the judgment of guilt was rendered 
independent of, and is not supported by, the alleged error.  See Young 
v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); Lewis v. State, 
911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995). Therefore, our independent review of 
the record is limited to potential jurisdictional defects, the voluntariness of 
Appellant’s plea, potential error occurring before Appellant’s plea that 
resulted in or supports the judgment of guilt, and potential error occurring 
after the guilty plea.  See Young, 8 S.W.3d at 666-67.
Jurisdiction
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on 
the trial court and provided Appellant with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
Voluntariness of Plea
        Appellant’s 
pro se brief alleges the trial court erred in not holding a competency hearing 
at the time Appellant entered his plea of guilty and thus his plea was not 
voluntary.  A court must conduct a competency inquiry only if there is a 
bona fide doubt in the judge’s mind as to the defendant’s competence to 
stand trial.  Alcott v. State, 51 S.W.3d 596, 601 (Tex. Crim. App. 
2001).  Additionally, “unless an issue is made of an accused’s present 
insanity or mental competency at the time of the plea the court need not make 
inquiry or hear evidence on such issue.”  Kuyava v. State, 538 
S.W.2d 627, 628 (Tex. Crim. App. 1976).  The Appellant was orally 
admonished by the trial judge regarding the consequences of his plea, and the 
record indicates that the Appellant understood the nature of the charges and 
that his plea was free and voluntary.  Further, Appellant’s trial counsel 
answered affirmatively that his client was competent to stand trial.  Once 
the jury was sworn in, Appellant again pleaded guilty in open court in front of 
the jury.  There is no evidence in the record supporting Appellant’s 
claim that he was incompetent to stand trial.  Thus, Appellant’s first 
point is overruled.
        Having 
found that the trial court did not err in finding Appellant competent to stand 
trial, we will address appellate counsel’s potential issues.
Potential Errors After Plea
        Appellate 
counsel presents five potential issues on appeal: (1) the trial court committed 
error in striking two prospective jurors at the request of the State; (2) the 
trial court committed error in failing to strike a juror at the request of 
Appellant; (3) the trial court committed error in various evidentiary rulings; 
(4) the trial court committed error in overruling Appellant’s objection to the 
State’s jury argument; and (5) the evidence was both legally and factually 
insufficient to sustain a finding that Appellant committed the offenses charged.
        In 
his first potential issue, appellate counsel states that the trial court erred 
in striking two prospective jurors for cause at the request of the State.  
The State challenged the two members of the venire panel based on bias against 
the State, and the challenges were granted.  However, Appellant did not 
object to the court’s striking of these potential jurors; thus, the error is 
waived.  See Boulware v. State, 542 S.W.2d 677, 683 (Tex. Crim. App. 
1976), cert. denied, 430 U.S. 959 (1977) (holding that “failure to 
object to the improper exclusion of a venire member waives that right and it 
cannot be considered on appeal”).
        In 
his second potential issue, appellate counsel argues that the trial court erred 
in failing to strike a juror for cause at the request of Appellant.  To 
preserve error for a trial court's denial of a valid challenge for cause, it 
must be demonstrated on the record that Appellant asserted a clear and specific 
challenge for cause, that he used a peremptory challenge on that juror, that all 
his peremptory challenges were exhausted, that his request for additional 
strikes was denied, and that an objectionable juror sat on the jury.  Green 
v. State, 934 S.W.2d 92, 105 (Tex. Crim App. 1996), cert. denied, 520 
U.S. 1200 (1997).  There is no indication in the record that Appellant 
exhausted all of his peremptory challenges and requested additional 
strikes.  Thus, error has not been preserved regarding this potential 
issue.
        In 
his third potential issue, appellate counsel complains that the trial court 
committed error in various evidentiary rulings.  Specifically, appellate 
counsel refers to forty-two instances of rulings on the admissibility of certain 
evidence by the trial court.  An appellate court reviews a trial court’s 
decision to admit or exclude evidence under an abuse of discretion standard of 
review.  Green, 934 S.W.2d at 101-02. The trial court does not abuse 
its discretion if its “ruling was at least within the zone of reasonable 
disagreement.”  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. 
Crim. App. 1991) (op. on reh’g).
        Appellate 
counsel refers us to a sustained objection on the part of the State to the 
relevancy of testimony from Appellant’s mother.  Appellant attempted to 
admit into evidence testimony that his grandfather was arrested for “molesting 
neighborhood children” when Appellant was thirteen years’ old.  The 
State objected on relevancy grounds.  When questioned why this information 
was relevant, Appellant’s trial counsel responded that it showed “family 
dynamics” but specifically refused to attempt to allege that Appellant had 
been abused by his grandfather.  The trial court sustained the State’s 
relevancy objection.
        The 
State and defendant may offer evidence of any matter the court deems relevant to 
sentencing.  Tex. Code Crim. Proc. 
Ann. art. 37.07 § 3(a)(1) (Vernon Supp. 2004-05).  As there is no 
indication in the record that his grandfather’s arrest had any emotional 
impact on Appellant and due to the fact that Appellant’s trial counsel 
specifically disavowed any intention of claiming that Appellant had been abused 
when he was thirteen years’ old, this evidence had no relevance to the offense 
for which Appellant pleaded guilty.  See Tow v. State, 953 S.W.2d 
546, 547-48 (Tex. App.—Fort Worth 1997, no pet.) (finding that the 
admissibility threshold under article 37.07(a) is relevance).  Therefore, 
it was not error to exclude this testimony.  Likewise, our independent 
review of the other rulings on objections by the State and Appellant reveals no 
reversible error.  Thus, appellate counsel’s third potential issue is 
overruled.
        In 
his fourth potential issue, appellate counsel argues that the trial court 
committed error in overruling Appellant’s objection to the State’s jury 
argument.  There are four possible areas of jury argument: (1) summation of 
the evidence; (2) reasonable deductions from the evidence; (3) answer to the 
argument of opposing counsel; and (4) plea for law enforcement.  Felder 
v. State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied, 
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. 
App. 1973).  During closing argument, the State argued that there had been 
no testimony nor evidence that Appellant was suffering from any type of mania on 
the date of the offense.  Appellant objected that this mischaracterized the 
evidence, and the court overruled Appellant.  Dr. Johnstone testified on 
behalf of Appellant regarding the effects of Paxil on someone who has been 
diagnosed with attention deficit hyperactivity disorder, with which Appellant 
had been diagnosed.  However, Dr. Johnstone also testified that he could 
not state for certain that Appellant had used Paxil on the day of the 
offense.  Additionally, two friends of Appellant, who had contact with him 
shortly after the shooting, both described Appellant as acting normal.  
Based on this testimony, the State’s closing argument constituted proper 
reasonable deductions from the evidence. It was not error to overrule 
Appellant’s objection.  Thus, appellate counsel’s fourth potential 
issue is overruled.
        In 
his fifth potential issue, appellate counsel argues the evidence was both 
legally and factually insufficient to sustain a finding that Appellant committed 
the offenses charged.
  
In felony cases a plea of guilty before the jury admits the existence of all 
necessary elements to establish guilt, and in such cases, the introduction of 
testimony by the State is to enable the jury to intelligently exercise the 
discretion which the law vests in them touching the penalty to be 
assessed.  In such cases there is no question of the sufficiency of the 
evidence on appeal or on collateral attack.
   
Ex 
parte Martin, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh’g) 
(citations omitted).  Since Appellant pleaded guilty to a jury, he may not 
now challenge the sufficiency of the evidence. Accordingly, appellate 
counsel’s fifth potential issue is overruled.
        Having 
overruled appellate counsel’s potential issues, we will address the remaining 
points raised in Appellant’s pro se brief.
Competency at Time of Sentencing
        Appellant 
complains that the trial court erred in not holding a competency hearing at the 
time of his sentencing. Appellant points to evidence produced at the punishment 
hearing that he suffers from a learning disability and attention deficit 
hyperactivity disorder.  Appellant also points to the testimony of Dr. 
Johnstone, who testified on behalf of Appellant concerning the effects of Paxil 
on Appellant’s behavior.  However, Dr. Johnstone conceded that he did not 
know when Appellant started taking Paxil or whether he had taken it on the day 
of the offense. Dr. Johnstone also agreed with the State’s assertion that 
Appellant’s conduct on the day in question could be just as consistent with 
“wanting to rob someone of their drugs and then kill the witnesses.”
        In 
pointing out Dr. Johnstone’s testimony, Appellant seems to confuse competency 
with sanity on the night of the offense.  See Valdes-Fuerte v. State, 
892 S.W.2d 103, 108 (Tex. App.—San Antonio 1994, no pet.) (finding that 
evidence of person’s mental status at time of offense was not evidence of 
incompetency to stand trial); Lang v. State, 747 S.W.2d 428, 430-31 (Tex. 
App.—Corpus Christi 1988, no pet.) (stating competency and sanity are not 
synonymous).  The issue of Appellant’s sanity was not raised during his 
plea or punishment hearing, nor was the issue raised at any point. Dr. Johnstone, 
Appellant’s own expert witness, specifically stated that he was not offering 
an opinion as to Appellant’s sanity.  Moreover, the record contains a 
psychiatric evaluation from Dr. Florence Ouseph, which was conducted on January 
10, 2002, approximately five weeks before the date of the offense, and nothing 
within this report calls into question Appellant’s sanity or competence to 
stand trial.  Additionally, a learning disability or attention deficit 
hyperactivity disorder is an insufficient basis to claim incompetence to stand 
trial.  See Culley v. State, 505 S.W.2d 567, 569 (Tex. Crim. App. 
1974) (holding that testimony that defendant had learning disabilities and was 
in special education classes did not raise issue of competency); Ortiz v. 
State, 866 S.W.2d 312, 316 (Tex. App.—Houston [14th Dist.] 1993, pet. 
ref’d) (finding evidence of learning disabilities alone is not sufficient to 
show defendant incompetent to stand trial).  As we have already found that 
there is no evidence supporting Appellant’s claim that he was incompetent to 
enter a voluntary plea, the trial court was not required to conduct a subsequent 
competency hearing at the time of sentencing.  We overrule Appellant’s 
second point.
Ineffective Assistance of Counsel
        Appellant 
also argues that he received ineffective assistance of counsel in that his trial 
counsel was ineffective in investigating Appellant’s competency, failing to 
obtain a ruling regarding the admissibility of prior bad acts, and failing to 
object to introductions of hearsay.  We apply a two-pronged test to 
ineffective assistance of counsel claims. Strickland v. Washington, 466 
U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 
808, 812 (Tex. Crim. App. 1999).  First, appellant must show that his 
counsel's performance was deficient; second, appellant must show the deficient 
performance prejudiced the defense.  Strickland, 466 U.S. at 687, 
104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. 
App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813.  The issue is whether 
counsel's assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.   Strickland, 
466 U.S. at 688-89, 104 S. Ct. at 2065. “[C]ounsel is strongly presumed to 
have rendered adequate assistance and made all significant decisions in the 
exercise of reasonable professional judgment.”  Id. at 690, 104 S. 
Ct. at 2066.  An allegation of ineffective assistance must be firmly 
founded in the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness.  Thompson, 9 S.W.3d at 814.  Our scrutiny of 
counsel's performance must be highly deferential, and every effort must be made 
to eliminate the distorting effects of hindsight. Strickland, 466 U.S. at 
689, 104 S. Ct. at 2065.  When the record is silent as to possible trial 
strategies employed by defense counsel, we will not speculate on the reasons for 
those strategies.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. 
Crim. App. 1994).
        The 
second prong of Strickland requires a showing that counsel's errors were 
so serious that they deprived the defendant of a fair trial, i.e., a trial whose 
result is reliable.  Id. at 687, 104 S. Ct. at 2064.  In other 
words, appellant must show there is a reasonable probability that, but for 
counsel's unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable 
probability is a probability sufficient to undermine confidence in the 
outcome.  Id. The ultimate focus of our inquiry must be on the 
fundamental fairness of the proceeding whose result is being challenged.  Id. 
at 697,  104 S. Ct. at 2070.
        Appellant 
claims that his trial counsel failed to investigate his mental history, and in 
support he provides several affidavits attached to his pro se brief.  
However, there is no support for Appellant’s allegations in the record.  
The attached affidavits were not admitted into evidence and are not properly 
before this court for consideration.  See Brown v. State, 866 S.W.2d 
675, 678 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (noting that 
material outside the record that is improperly included in or attached to a 
party's appellate brief may be stricken).  Furthermore, as we have already 
held, there is no evidence within the record that Appellant was incompetent to 
stand trial.
        Appellant 
also complains that his trial counsel was ineffective for failing to obtain a 
ruling on the admission of prior bad acts.  The record indicates that the 
State provided notice of its intent to introduce evidence of other crimes, 
wrongs, or acts.  The record further indicates that the State and 
Appellant’s trial counsel agreed to discuss how they wanted to address the 
issue of Appellant’s other crimes, wrongs, or acts.
        Evidence 
of an accused’s prior crimes and bad acts is admissible during the punishment 
phase of the trial. Tex. Code Crim. Proc. Ann. art. 37.07 § 
3(a); Rodriguez v. State, 955 S.W.2d 171, 175 (Tex. App.—Amarillo 1997, 
no pet.).  As there is no indication in the record of the agreement reached 
between the State and Appellant’s trial counsel regarding the introduction of 
other crimes, wrongs, or acts evidence, and based on our finding that the 
evidence was admissible during the punishment phase, there is no support for 
Appellant’s claim that he was denied effective assistance of counsel based on 
the admission of this evidence.  Absent such a showing, it is presumed 
Appellant’s counsel’s actions “fell within the wide range of reasonable 
professional assistance.”  Strickland, 466 U.S. at 689, 104 S. Ct. 
at 2065.
        Finally, 
Appellant complains generally that his trial counsel was ineffective for failing 
to object on “several occasions” to inadmissible hearsay.  We take note 
that Appellant’s complaint of ineffective assistance of counsel is largely 
based on such alleged failures on the part of his trial counsel. Appellant did 
not file a motion for new trial on the basis of ineffective assistance of 
counsel, which would have afforded the trial court the opportunity to conduct a 
hearing as to these alleged failures.  As such, the record is not 
sufficiently developed to allow us to do more than speculate as to the 
strategies of Appellant’s trial counsel.  See Jackson, 877 S.W.2d 
at 771.  Thus, we cannot say that Appellant was denied effective assistance 
of counsel.  Appellant has a more appropriate remedy in seeking a writ of 
habeas corpus to allow him the opportunity to develop evidence to support his 
complaints.  Thus, Appellant’s final point is overruled.
CONCLUSION
        Our 
independent review of the record compels us to agree with appellate counsel’s 
determination that any appeal in these cases would be frivolous.  
Accordingly, we grant counsel’s motion to withdraw on appeal, overrule 
Appellant’s points, and affirm the trial court’s judgments.
  
  
                                                                  ANNE 
GARDNER
                                                                  JUSTICE
   
  
PANEL 
B:   HOLMAN, GARDNER, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
October 14, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.