gaines v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-498-CR

NO. 2-02-499-CR

BARTON RAY GAINES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

INTRODUCTION

Appellant Barton Ray Gaines was indicted in two cases.  The first indictment charged the offenses of aggravated robbery with a deadly weapon, to-wit:  a firearm, and attempted capital murder, in Cause No. 0836985A.  The second indictment alleged the same charges, with a different victim, in Cause No. 0836979A.  Both cases were tried together.  Appellant pleaded guilty on the charges of aggravated robbery and the State waived the charges of attempted capital murder.  The jury was instructed to find Appellant guilty and to set punishment within the statutory range.  After hearing evidence regarding punishment, the jury assessed Appellant’s punishment at thirty-five years’ confinement and assessed a $10,000 fine.  Appellant’s court-appointed counsel has filed an 
Anders
 brief asserting that there are no grounds that could be argued successfully on appeal.  
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed a pro se brief raising three points on appeal.  We grant counsel’s motion to withdraw, overrule Appellant’s points, and affirm the trial court’s judgments.

FACTUAL AND PROCEDURAL BACKGROUND

Testimony showed that on February 21, 2002 Appellant and two friends, Jason Tucker and Daniel Aranda, went to a location known as the Rice Paddy, which is a housing development where young people hang out.  At this location Appellant began talking to Michael Williams and Andrew Horvath, who were together, about buying a pound of marijuana.  Williams agreed to lead Appellant to a friend who possibly had marijuana.  Appellant and his friends followed Williams and Horvath to an apartment complex to buy the marijuana.  On the way, Appellant stopped at Wal-Mart to buy some beer, but actually purchased shotgun shells.

Once at the apartment complex, Williams attempted to negotiate the marijuana transaction.  At one point, Appellant checked Williams for weapons and then Appellant began to demand Williams’s wallet.  Williams testified that Appellant produced a shotgun and struck him in the head with the barrel.  Williams and Horvath emptied their pockets and both were physically assaulted.  Williams began to run, at which point he heard a “boom” and felt his left shoulder go numb.  Williams made it to a convenience store and realized he was bleeding.  Once at the convenience store, the police were called.  Horvath testified that one of Appellant’s friends punched him and knocked him down.  Appellant then pointed the shotgun at Horvath and demanded his wallet.  Horvath testified that as Appellant and his friends were driving off, he was shot from the driver’s side of Appellant’s vehicle.

At trial, Appellant introduced evidence that he began taking Paxil beginning in February 2002.  Appellant called Dr. Edwin Johnstone to testify regarding the possible role Paxil played in Appellant’s behavior on the day of the offense.  Dr. Johnstone testified that someone with attention deficit hyperactivity disorder, with which Appellant had been diagnosed, who also takes Paxil, may develop hypomania.  Dr. Johnstone described hypomania as “sort of the opposite of depression.  It is where the person’s mood is high instead of low.  The person is in an overenergized state.  The elevated mood might be very happy and cheery and euphoric, but most of the time actually the mood is sort of a driven, irritable state.”  Evidence was also introduced showing Appellant’s prior use of alcohol, marijuana, Xanax, cocaine, and methamphetamine.

Additionally, it was shown that Appellant continued taking Paxil while in jail with no adverse effects.  Dr. Johnstone believed that the isolation and lack of stimulation, as well as Appellant’s lack of access to marijuana, contributed to the effects Paxil had on Appellant’s behavior while in jail.  While Appellant introduced evidence of his use of Paxil in an attempt to explain his behavior, he did not use this as a basis for an insanity claim.  Dr. Johnstone specifically testified that he was not offering an opinion as to Appellant’s sanity, but rather Appellant’s “disinhibition of social judgment.”

STANDARD OF REVIEW

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders
, 386 U.S. 738, 87 S. Ct. 1396, by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Appellant has also filed a pro se brief.

Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on Appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Appellant entered an open plea of guilty, so he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea so long as the judgment of guilt was rendered independent of, and is not supported by, the alleged error.  
See Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995).  Therefore, our independent review of the record is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, potential error occurring before Appellant’s plea that resulted in or supports the judgment of guilt, and potential error occurring after the guilty plea.  
See Young
, 8 S.W.3d at 666-67.

Jurisdiction

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon Supp. 2004-05).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Voluntariness of Plea

Appellant’s pro se brief alleges the trial court erred in not holding a competency hearing at the time Appellant entered his plea of guilty and thus his plea was not voluntary.  A court must conduct a competency inquiry only if there is a bona fide doubt in the judge’s mind as to the defendant’s competence to stand trial.  
Alcott v. State
, 51 S.W.3d 596, 601 (Tex. Crim. App. 2001).  Additionally, “unless an issue is made of an accused’s present insanity or mental competency at the time of the plea the court need not make inquiry or hear evidence on such issue.”  
Kuyava v. State
, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976).  The Appellant was orally admonished by the trial judge regarding the consequences of his plea, and the record indicates that the Appellant understood the nature of the charges and that his plea was free and voluntary.  Further, Appellant’s trial counsel answered affirmatively that his client was competent to stand trial.  Once the jury was sworn in, Appellant again pleaded guilty in open court in front of the jury.  There is no evidence in the record supporting Appellant’s claim that he was incompetent to stand trial.  Thus, Appellant’s first point is overruled. 

Having found that the trial court did not err in finding Appellant competent to stand trial, we will address appellate counsel’s potential issues.

Potential Errors After Plea

Appellate counsel presents five potential issues on appeal:  (1) the trial court committed error in striking two prospective jurors at the request of the State; (2) the trial court committed error in failing to strike a juror at the request of Appellant; (3) the trial court committed error in various evidentiary rulings; (4) the trial court committed error in overruling Appellant’s objection to the State’s jury argument; and (5) the evidence was both legally and factually insufficient to sustain a finding that Appellant committed the offenses charged.

In his first potential issue, appellate counsel states that the trial court erred in striking two prospective jurors for cause at the request of the State.  The State challenged the two members of the venire panel based on bias against the State, and the challenges were granted.  However, Appellant did not object to the court’s striking of these potential jurors; thus, the error is waived.  
See Boulware v. State
, 542 S.W.2d 677, 683 (Tex. Crim. App. 1976), 
cert. denied
, 430 U.S. 959 (1977) (holding that “failure to object to the improper exclusion of a venire member waives that right and it cannot be considered on appeal”).

In his second potential issue, appellate counsel argues that the trial court erred in failing to strike a juror for cause at the request of Appellant.  To preserve error for a trial court's denial of a valid challenge for cause, it must be demonstrated on the record that Appellant asserted a clear and specific challenge for cause, that he used a peremptory challenge on that juror, that all his peremptory challenges were exhausted, that his request for additional strikes was denied, and that an objectionable juror sat on the jury.  
Green v. State
, 934 S.W.2d 92, 105 (Tex. Crim App. 1996), 
cert. denied
, 520 U.S. 1200 (1997).  There is no indication in the record that Appellant exhausted all of his peremptory challenges and requested additional strikes.  Thus, error has not been preserved regarding this potential issue.

In his third potential issue, appellate counsel complains that the trial court committed error in various evidentiary rulings.  Specifically, appellate counsel refers to forty-two instances of rulings on the admissibility of certain evidence by the trial court.  An appellate court reviews a trial court’s decision to admit or exclude evidence under an abuse of discretion standard of review.  
Green
, 934 S.W.2d at 101-02.  The trial court does not abuse its discretion if its “ruling was at least within the zone of reasonable disagreement.”  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  

Appellate counsel refers us to a sustained objection on the part of the State to the relevancy of testimony from Appellant’s mother.  Appellant attempted to admit into evidence testimony that his grandfather was arrested for “molesting neighborhood children” when Appellant was thirteen years’ old.  The State objected on relevancy grounds.  When questioned why this information was relevant, Appellant’s trial counsel responded that it showed “family dynamics” but specifically refused to attempt to allege that Appellant had been abused by his grandfather.  The trial court sustained the State’s relevancy objection.

The State and defendant may offer evidence of any matter the court deems relevant to sentencing.  
Tex. Code Crim. Proc. Ann.
 art. 37.07 § 3(a)(1) (Vernon Supp. 2004-05).  As there is no indication in the record that his grandfather’s arrest had any emotional impact on Appellant and due to the fact that Appellant’s trial counsel specifically disavowed any intention of claiming that Appellant had been abused when he was thirteen years’ old, this evidence had no relevance to the offense for which Appellant pleaded guilty.  
See Tow v. State
, 953 S.W.2d 546, 547-48 (Tex. App.—Fort Worth 1997, no pet.) (finding that the admissibility threshold under article 37.07(a) is relevance).  Therefore, it was not error to exclude this testimony.  Likewise, our independent review of the other rulings on objections by the State and Appellant reveals no reversible error.  Thus, appellate counsel’s third potential issue is overruled.

In his fourth potential issue, appellate counsel argues that the trial court committed error in overruling Appellant’s objection to the State’s jury argument.  There are four possible areas of jury argument:  (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to the argument of opposing counsel; and (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  During closing argument, the State argued that there had been no testimony nor evidence that Appellant was suffering from any type of mania on the date of the offense.  Appellant objected that this mischaracterized the evidence, and the court overruled Appellant.  Dr. Johnstone testified on behalf of Appellant regarding the effects of Paxil on someone who has been diagnosed with attention deficit hyperactivity disorder, with which Appellant had been diagnosed.  However, Dr. Johnstone also testified that he could not state for certain that Appellant had used Paxil on the day of the offense.  Additionally, two friends of Appellant, who had contact with him shortly after the shooting, both described Appellant as acting normal.  Based on this testimony, the State’s closing argument constituted proper reasonable deductions from the evidence.  It was not error to overrule Appellant’s objection.  Thus, appellate counsel’s fourth potential issue is overruled.

In his fifth potential issue, appellate counsel argues the evidence was both legally and factually insufficient to sustain a finding that Appellant committed the offenses charged.

In felony cases a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed.  In such cases there is no question of the sufficiency of the evidence on appeal or on collateral attack.

Ex parte Martin
, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988) (op. on reh’g) (citations omitted).  Since Appellant pleaded guilty to a jury, he may not now challenge the sufficiency of the evidence.  Accordingly, appellate counsel’s fifth potential issue is overruled.

Having overruled appellate counsel’s potential issues, we will address the remaining points raised in Appellant’s pro se brief.

Competency at Time of Sentencing

Appellant complains that the trial court erred in not holding a competency hearing at the time of his sentencing.  Appellant points to evidence produced at the punishment hearing that he suffers from a learning disability and attention deficit hyperactivity disorder.  Appellant also points to the testimony of Dr. Johnstone, who testified on behalf of Appellant concerning the effects of Paxil on Appellant’s behavior.  However, Dr. Johnstone conceded that he did not know when Appellant started taking Paxil or whether he had taken it on the day of the offense.  Dr. Johnstone also agreed with the State’s assertion that Appellant’s conduct on the day in question could be just as consistent with “wanting to rob someone of their drugs and then kill the witnesses.”

In pointing out Dr. Johnstone’s testimony, Appellant seems to confuse competency with sanity on the night of the offense.  
See Valdes-Fuerte v. State
, 892 S.W.2d 103, 108 (Tex. App.—San Antonio 1994, no pet.) (finding that evidence of person’s mental status at time of offense was not evidence of incompetency to stand trial);
 Lang v. State
, 747 S.W.2d 428, 430-31 (Tex. App.—Corpus Christi 1988, no pet.) (stating competency and sanity are not synonymous).  The issue of Appellant’s sanity was not raised during his plea or punishment hearing, nor was the issue raised at any point.  Dr. Johnstone, Appellant’s own expert witness, specifically stated that he was not offering an opinion as to Appellant’s sanity.  Moreover, the record contains a psychiatric evaluation from Dr. Florence Ouseph, which was conducted on January 10, 2002, approximately five weeks before the date of the offense, and nothing within this report calls into question Appellant’s sanity or competence to stand trial.  Additionally, a learning disability or attention deficit hyperactivity disorder is an insufficient basis to claim incompetence to stand trial.  
See Culley v. State
, 505 S.W.2d 567, 569 (Tex. Crim. App. 1974) (holding that testimony that defendant had learning disabilities and was in special education classes did not raise issue of competency); 
Ortiz v. State
, 866 S.W.2d 312, 316 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d) (finding evidence of learning disabilities alone is not sufficient to show defendant incompetent to stand trial).  As we have already found that there is no evidence supporting Appellant’s claim that he was incompetent to enter a voluntary plea, the trial court was not required to conduct a subsequent competency hearing at the time of sentencing.  We overrule Appellant’s second point.

Ineffective Assistance of Counsel

Appellant also argues that he received ineffective assistance of counsel in that his trial counsel was ineffective in investigating Appellant’s competency, failing to obtain a ruling regarding the admissibility of prior bad acts, and failing to object to introductions of hearsay.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his
 counsel's performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064; 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.  When the record is silent as to possible trial strategies employed by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result  is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

Appellant claims that his trial counsel failed to investigate his mental history, and in support he provides several affidavits attached to his pro se brief.  However, there is no support for Appellant’s allegations in the record.  The attached affidavits were not admitted into evidence and are not properly before this court for consideration.  
See Brown v. State
, 866 S.W.2d 675, 678 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (noting that material outside the record that is improperly included in or attached to a party's appellate brief may be stricken).  Furthermore, as we have already held, there is no evidence within the record that Appellant was incompetent to stand trial.

Appellant also complains that his trial counsel was ineffective for failing to obtain a ruling on the admission of prior bad acts.  The record indicates that the State provided notice of its intent to introduce evidence of other crimes, wrongs, or acts.  The record further indicates that the State and Appellant’s trial counsel agreed to discuss how they wanted to address the issue of Appellant’s other crimes, wrongs, or acts.

Evidence of an accused’s prior crimes and bad acts is admissible during the punishment phase of the trial.  
Tex. Code Crim. Proc. Ann.
 art. 37.07 § 3(a); 
Rodriguez v. State
, 955 S.W.2d 171, 175 (Tex. App.—Amarillo 1997, no pet.).  As there is no indication in the record of the agreement reached between the State and Appellant’s trial counsel regarding the introduction of other crimes, wrongs, or acts evidence, and based on our finding that the evidence was admissible during the punishment phase, there is no support for Appellant’s claim that he was denied effective assistance of counsel based on the admission of this evidence.  Absent such a showing, it is presumed Appellant’s counsel’s actions “fell within the wide range of reasonable professional assistance.”  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

Finally, Appellant complains generally that his trial counsel was ineffective for failing to object on “several occasions” to inadmissible hearsay.  We take note that Appellant’s complaint of ineffective assistance of counsel is largely based on such alleged failures on the part of his trial counsel.  Appellant did not file a motion for new trial on the basis of ineffective assistance of counsel, which would have afforded the trial court the opportunity to conduct a hearing as to these alleged failures.  As such, the record is not sufficiently developed to allow us to do more than speculate as to the strategies of Appellant’s trial counsel.  
See Jackson
, 877 S.W.2d at 771.  Thus, we cannot say that Appellant was denied effective assistance of counsel.  Appellant has a more appropriate remedy in seeking a writ of habeas corpus to allow him the opportunity to develop evidence to support his complaints.  Thus, Appellant’s final point is overruled.

CONCLUSION

Our independent review of the record compels us to agree with appellate counsel’s determination that any appeal in these cases would be frivolous.  Accordingly, we grant counsel’s motion to withdraw on appeal, overrule Appellant’s points, and affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 14, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.