**William Theadore WEAVER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44666.**

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

John F. Simmons, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault, where the assessed punishment was twenty years.

The appellant entered a plea of guilty before the jury. It is well established that such a plea to a felony charge *before a jury* admits the existence of all facts necessary to establish guilt, and the introduction of evidence in such cases is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. See Darden v. State, 430 S.W.2d 494, 495 (Tex.Cr.App.1968), and cases there cited.

Appellant's only complaint on appeal is that the trial court erroneously excused prospective juror Smiley.

It appears that after the State had challenged the prospective juror for cause, he was summoned before the bench and interrogated by the court and the attorneys. Only this portion of voir dire examination is in the record before us. At first, the prospective juror informed the court he could not under any circumstances assess life imprisonment as punishment for an eighteen year old boy. Subsequently, when asked if he could consider the full range of penalty for robbery by assault, he answered, "I can consider it, but  .  .  ." After other wavering statements, he responded to the court's question and stated he could vote neither for life nor a 99 year penalty. He was then excused by the court.

Article 35.16(b) (3), Vernon's Ann.C.C. P., provides that the State may challenge a prospective juror for cause if "he has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment."

Article 35.21, V.A.C.C.P., provides that, "The court is the judge, after proper examination, of the qualifications of a juror, and shall decide all challenges without delay and without argument thereupon." See also Article 35.10, V.A.C.C.P.

The conduct of the voir dire examination must rest largely within the sound discretion of the trial court. Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816 (Tex.Cr.App.1956); 35 Tex.Jur.2d, Jury, § 117, p. 173.

Further, there is no complaint that appellant was tried before an unfair or impartial jury or denied a fair and impartial trial. And there is no showing that the State exhausted its peremptory challenges and that the prospective juror claimed to have been improperly excused would have served except for the court's action.

Under the circumstances presented, we find no abuse of discretion on the part of the trial court.

The judgment is affirmed.