**James Richard PEARCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48778.**

Court of Criminal Appeals of Texas.

July 10, 1974.

Rehearing Denied Oct. 9, 1974.
See 514 S.W.2d 282.

540

R. William Wood and D. Michael Gregory, Denton, for appellant.

Michael W. George, Asst. Dist. Atty., John Lawhon, Dist. Atty., Denton, and Jim D. Vollers, States Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

The appellant was convicted in a trial before a jury for the offense of sale of heroin. The jury assessed the punishment at eleven and one-half (11½) years' imprisonment.

The appellant does not challenge the sufficiency of the evidence; therefore, only a brief recitation of the facts will be necessary.

The record reflects that Terry Davis, an undercover agent for the Texas Department of Public Safety, went to the residence of Steve Bullard to ascertain the extent of his involvement in narcotics traffic. The agent knocked on the back door of the residence. The appellant opened the door and invited the agent in. The agent was told by the appellant that Bullard was in Dallas attempting to sell some methamphetamine. The appellant then asked the agent if he came over to "score" some heroin. The agent told him no, that he came over to see Bullard. The appellant then advised the agent once again that they had some good heroin for sale, if he wanted to buy some. The agent told appellant he would like to see it before he bought it. The appellant left the room and returned shortly with the suspected heroin. Appellant sold the substance to the agent for $100. This substance was identified by a Texas Department of Public Safety chemist as heroin and introduced into evidence.

Appellant took the stand and testified in his own behalf. He stated he knew Bullard and had been at his residence several times. However, he had never seen the undercover agent before, nor had he sold him any narcotic drugs.

In his first and second grounds of error, the appellant contends the trial court erred in dismissing a prospective juror without challenge for cause by either the State or defense counsel. The prospective juror expressed reservations about the methods of undercover agents in effectuating narcotic arrests.

When the prospective juror was not challenged for cause by the State, the trial court should not have excused her on the grounds shown in the record which did not constitute an absolute disqualification. Henriksen v. State, Tex.Cr.App., 500 S.W. 2d 491; Ernster v. State, 165 Tex.Cr.R. 422, 308 S.W.2d 33. However, the appellant has failed to show how he was harmed by the action of the trial court.

There is no showing that appellant was tried by an unfair jury. The record reflects that the prospective juror had a prejudice against undercover agents which might affect the verdict. The State's principal witness was such an agent. There is no showing that the State exhausted its peremptory challenges and that the prospective juror, claimed to have been improperly excused, would have served except for the court's action. See Weaver v. State, Tex.Cr.App., 476 S.W.2d 326; Henriksen v. State, supra.

Appellant in his third ground of error and the argument thereunder contends that the court erred in failing to grant his motion to strike the identification testimony of the undercover agent Terry Davis. Appellant says that a fraud was "worked on him by a combination of the acts and statements of the prosecution and Davis which resulted in appellant's inability to complain of or develop the facts of a tainted identification until after the identification evidence was before the jury.

It appears from the record that Davis went to the apartment of a known dealer in narcotics and accidentally contacted appellant, who made the sale to him. At that time, Davis did not know appellant, but appellant told him his name was Ricky. Davis testified he observed "Ricky" for about 12 minutes during the transaction. Davis thereafter contacted local police, and, after telling them the address and name and description of Ricky, the local police knowing of a suspect fitting the description showed a picture of appellant on a driver's license, which Davis immediately recognized as appellant. Thereafter, a warrant for appellant's arrest was issued, and he was arrested.

It was brought out on cross-examination that in a deposition taken a week before the trial Davis denied having been shown any picture of appellant. However, Davis explained that he understood that he was being asked whether he had seen any picture of appellant after the arrest.

At a pretrial session the week before trial, the court had directed the State to provide appellant with any picture used by the witness to identify appellant. The State's attorney advised the court that there was no picture lineup, and that the State had no such picture.

At the hearing before the court on appellant's motion to strike, held after Davis had been thoroughly cross-examined on this matter, the record reflects that the State's attorney did not know of the picture having been shown Davis until the day of this trial, and that the State did not have the picture in its possession. No evidence was offered to show what had become of it, or who did have it. After defense counsel had learned of the driver's license photograph, he made no effort to obtain it.

The in-court testimony of Davis identifying appellant was positive and direct, based on his observation of him during the transaction. At the request of appellant, a lineup of six men selected by defense counsel was had in court prior to the trial, and Davis pointed out appellant as the seller of the heroin. Appellant does not complain of any tainted or impermissibly suggestive identification. The thrust of his complaint is summed up in the following quotation from his brief:

"By way of recapitulation, then, the Defendant below went to trial operating under the assumption from the County Attorney's Office that there had been no picture lineup of any kind and that the County Attorney's Office did not know of any picture which the witness had previously seen. Further, the Defendant was operating under the assumption that the State's witness had told the truth in his sworn deposition when he had testified that he had never seen a picture of the Defendant. Further, the Defendant was operating under the assumption that since the Court had ordered the State's Attorney to provide Defendant's Counsel with any picture

lineup which had been used, and particularly any picture of the Defendant, that if there had been such a picture or picture lineup, it would have been provided to Counsel."

The evidence does not show any conspiracy on the part of the State to hide any material facts from the appellant. The discrepancy between the agent's deposition and his in-court testimony was explained, whether satisfactory or not being a jury matter, by the witness, and was used by the defense for impeachment purposes. The State offered its explanation for its statement at the pretrial hearing that there had been on picture lineup, and further showed that it had no such picture as the appellant wanted. Appellant made no motion for a mistrial, and did not seek, by subpoena or otherwise, to secure the photograph after learning how it had been used.

Further, no harm or prejudice has been shown by appellant. Davis' in-court identification of appellant was positive, and was based on sufficient opportunity for observation. It is not attacked as being impermissibly suggestive. Appellant cross-examined the witness thoroughly. Although he stated that he was surprised at the testimony concerning the photographic identification, he made no objection to its introduction, and made no motion for a continuance. His sole motion was to strike all of Davis' testimony on identity of appellant.

The court did not err in denying the motion.

The third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the court erred in failing to grant appellant's motion for mistrial due to improper jury argument of the State. The complained of argument was as follows:

"Here is the defendant, 23 years of age, a man who has been arrested for possession of marihuana . . . ."

The appellant at this point objected, the court sustained the objection and on its own motion instructed the jury to disregard. Appellant's motion for mistrial was overruled. The record reflects that appellant's wife, a reputation witness for him, had been asked if she had heard that appellant was arrested for the possession of marihuana, to which she replied in the affirmative. No harm is shown as a result of this improper argument, and the error was cured by the court's instruction. Boykin v. State, Tex.Cr.App., 504 S.W.2d 855; Overstreet v. State, Tex.Cr.App., 470 S.W.2d 653.

Appellant's fourth ground of error is overruled.

In his fifth ground of error, the appellant contends the trial court erred in failing to submit the appellant's requested charge on accomplice testimony as a matter of fact concerning the undercover agent.

An undercover agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the traffic. Guerrero v. State, Tex.Cr.App., 507 S.W.2d 765; Brewer v. State, Tex.Cr.App., 500 S.W.2d 504; Perez v. State, Tex.Cr.App., 495 S.W.2d 242. The evidence in the instant case does not raise an issue of whether agent Davis was an accomplice witness.

Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant complains of an improper question by the State's attorney at the guilt stage of the trial. The record reflects the State asked a reputation witness for the defense, "Have you heard that the defendant, James Richard Pearce, was arrested on February 6, 1973, for the sale of dangerous drugs, to-wit, amphetamines, have you heard that?" The witness replied in the negative. The appellant objected on the grounds the date of the alleged arrest was subsequent to the indictment in the present case. The trial court sustained the objection and instructed the jury to disregard.

Since the witness answered that he had not heard of any such incident as inquired about, appellant's only complaint is that the mere asking of the question constituted reversible error. However, this Court rarely reverses a conviction of crime solely because an improper question was asked. To cause a reversal the question must be obviously harmful to the defendant. Wallace v. State, Tex.Cr.App., 501 S.W.2d 883; Sensabaugh v. State, Tex.Cr.App., 426 S.W.2d 224. No reversible error is shown. Clark v. State, Tex.Cr.App., 500 S.W.2d 469.

Appellant's sixth ground of error is overruled.

In his seventh ground of error, the appellant again complains of improper questioning of a reputation witness by the State. The record reflects the following:

"Q Have you heard that the defendant was arrested for possession of marihuana on April 4, 1972?

"A Yes, sir, I have.

"Q You still consider that he is a peaceful . . .

"MR. WOOD: Object to that, Your Honor, that's improper, we object to it.

"THE COURT: I am sorry, I didn't hear the question.

"MR. LAWHON: I was asking whether or not that changed his opinion, whether or not he having known that.

"THE COURT: I will overrule the objection.

"MR. WOOD: Please note our exception.

"THE WITNESS: No, sir, it has not."

The rule is well established that a character witness may be asked in good faith "have you heard" questions concerning specific acts and misconduct in order to test the knowledge, credibility and sincerity of the witness so as to enable the jury to weigh the testimony. Wallace v. State, supra; Brown v. State, Tex.Cr.App., 477 S.W.2d 617; Carter v. State, Tex.Cr. App., 506 S.W.2d 876. The appellant objected only to the State's attorney questioning the witness whether having heard of his prior arrest changed his opinion. The witness's answer was favorable to appellant. We find no reversible error in this question. *Wallace,* supra.

Appellant's seventh ground of error is overruled.

In his eighth ground of error, the appellant complains of improper argument of the State "in attempting to engender sympathy for the State's witness." The record reflects the following:

> "MR. LAWHON: . . . One of the things they often do is try to say things about the State's agents, but you can see here what these people have to go through.

> "MR. WOOD: I object to an attempt to engender sympathy for the State's witnesses, Your Honor.

> "THE COURT: I will sustain the objection.

> "MR. WOOD: I will ask the jury to be instructed not to consider that comment by the prosecutor.

> "THE COURT: So instructed.

> "MR. WOOD: I move for a mistrial because it is calculated to prejudice the jury against the defendant.

> "THE COURT: I will deny the motion."

Error, if any, was cured by the trial court's instruction. *Boykin,* supra; *Over-*

*street,* supra. Furthermore, the statement of the prosecutor was nothing more than a comment based on the cross-examination of the undercover agent.

Appellant's eighth ground of error is overruled.

In his ninth ground of error, the appellant contends it was error for the State to argue "potential victims of heroin have parents too," in that it was prejudicial and injected new facts into the case. The argument was prefaced by the statement: "You heard his mother testify and of course I didn't even ask his mother any questions up here on the stand, but of course, I submit the potential victims," as above stated. The above statement was nothing more than a truism, based on evidence, and shows no error.

Appellant's ninth ground of error is overruled.

In his fourteenth ground of error, the appellant contends the trial court erred in failing to strike an improper question of the State to one of the State's reputation witnesses. The record reflects the following:

> "Q I will ask you, sir, whether or not you are familiar with the defendant in this cause, James Richard Pearce?

> "A Yes, I am.

> "Q I will ask you . . .

> "MR. WOOD: Object to that and ask that the question be stricken, Your Honor, that's an improper question, he is not allowed to ask . . .

> "THE COURT: I will overrule the objection.

> "Q I will ask you whether or not you know the reputation of the defendant, James Richard Pearce, in the community and area in which he lives for being a peaceful and law abiding citizen?

 

"Q Just answer that question 'Yes' or 'No', please, sir."

The question to which appellant objected was merely a preliminary question to the next inquiry stated above, and presented no error.

Appellant's fourteenth ground of error is overruled.

In grounds of error number ten, eleven, twelve, thirteen, fifteen and sixteen, the appellant cites no authority and makes no argument in support of these grounds of error. He merely lists a number of grounds of error, one after the other, without any comment or discussion. This is not in compliance with 40.09, § 9, Vernon's Ann. C.C.P., and will not be considered. Henriksen v. State, Tex.Cr.App., 500 S.W.2d 491; Hayes v. State, Tex.Cr.App., 484 S.W.2d 922; Gaines v. State, Tex.Cr.App., 481 S.W.2d 835.

The judgment is affirmed.

Opinion approved by the Court.