James Edward **RANDLE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. **A14–84–196–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 5, 1985.

Clyde F. DeWitt, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, William J. Delmore III, Rusty Hardin, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the conviction of capital murder. Appellant, James Edward Randle, was found guilty by a jury and his punishment was automatically assessed by the trial court at confinement for life in the Texas Department of Corrections. We affirm.

In his first ground of error, appellant asserts that the trial court erred by sustaining the State's challenge for cause to venireperson Mrs. Charles Alice Perry. The reason alleged is the State failed in its burden to demonstrate that she was not qualified as a juror. In appellant's second ground of error, he claims the trial court erred in failing to fully develop the relevant attitude of venireperson Mrs. Charles Alice Perry prior to ruling upon the State's challenge for cause. In his third and last ground of error, appellant claims the evidence was insufficient to support a conviction for the offense of criminal murder because the elements of murder merged with the elements of aggravated robbery.

Appellant, a juvenile, was certified to stand trial as an adult and was convicted of murdering Arnold Pequeno. Pequeno was one of four employees of the Malibu Grand Prix amusement center stabbed to death by appellant and his two companions in the course of committing aggravated robbery.

In his first two grounds of error, appellant complains that the trial court erroneously sustained the State's challenge for cause to venireperson Mrs. Charles Alice Perry, and, the trial court erred in failing to fully develop the relevant attitude of the venireperson prior to that ruling. Both grounds of error are without merit.

During questioning by the State, the juror stated that she would be unable to reach a decision as to appellant's guilt or

innocence if he were to exercise his right against self-incrimination or fail to present any defense. During appellant's attempts at rehabilitation, Perry stated that she could "follow the law" with regard to appellant's exercise of his Fifth Amendment rights, and would not hold appellant's silence against him. The trial court eventually intervened to resolve any conflict in Perry's responses:

THE COURT: Let me see if I can cut into this and see if you have some questions. Basically it comes down to this: If after—assume that the State presents evidence. They then rest their evidence, and the Defense then states we rest also. We have no witnesses, and then I give you the charge on the law, and it states that—directs you not to comment and not to consider the defendant's failure to testify. Can you then deliberate on this jury if you're selected on this jury and consider whether or not the defendant is guilty or not guilty based upon only the evidence that the State has brought forward? Can you follow that part of the law?

THE WITNESS: No.

\*　　\*　　\*　　\*　　\*　　\*

MR. HARDEWAY [defense counsel]: If this court tells you what the law is, can you follow it?

MRS. PERRY: Well, I couldn't make a decision.

THE COURT: Then you could?

MRS. PERRY: I couldn't.

THE COURT: Couldn't?

MRS. PERRY: No.

THE COURT: This, of course—the law I'm referring to is the law that states it's the State's burden to prove their case and if the defendant doesn't testify you're not supposed to consider this failure to testify. You're saying that part of the law causes you trouble?

MRS. PERRY: Yes. Only hearing one side I couldn't—

THE COURT: For the record one would benefit the defendant as well. So the State's challenge for cause is granted.

■ Perry's response during voir dire examination shows that she was not qualified to serve as a juror. She was clearly subject to challenge under TEX.CODE CRIM.PROC.ANN. art. 35.16(b)(3) (Vernon 1979) because she had "a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment."

■ Further, the State exercised only twelve of its fifteen peremptory challenges. Therefore appellant has not shown that he was harmed by Perry's exclusion for cause. *Pearce v. State*, 513 S.W.2d 539, 541 (Tex. Crim.App.1974); *Weaver v. State*, 476 S.W.2d 326, 327 (Tex.Crim.App.1972). The Court of Criminal Appeals has held that the State's failure to use all of its peremptory challenges does not cure error in an improper exclusion of a prospective juror on grounds inconsistent with *Witherspoon v. Illinois*, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). *Hartfield v. State*, 645 S.W.2d 436, 442 (Tex.Crim.App.1983) (Opinion on State's Motion for Rehearing); *Pierson v. State*, 614 S.W.2d 102, 107 (Tex. Crim.App.1980) (en banc); *Grijalva v. State*, 614 S.W.2d 420, 423–25 (Tex.Crim. App.1980) (en banc). However, that same court in *Smith v. State*, 683 S.W.2d 393, 402 (Tex.Crim.App.1984) (en banc), held that a showing of specific harm is still required in capital cases:

In order to complain of the improper exclusion of a qualified juror the defendant must show he was injured or forced to proceed with an objectionable juror. *Page v. State*, 486 S.W.2d 300 (Tex.Cr. App.1972). See also *Brown v. State*, 508 S.W.2d 91 (Tex.Cr.App.1974). A mere assertion in an appellate brief will not constitute the proper showing.

In the instant case even if it can be argued that the action of the trial court was improper, there is no showing that appellant was tried by an unfair jury or was otherwise harmed.[7] The ground of error is overruled.

\*　　\*　　\*　　\*　　\*　　\*

[7] There is no showing that the State exhausted its peremptory challenges, and such juror

would have served except for the court's action. *Weaver v. State,* 476 S.W.2d 326 (Tex.Cr.App. 1972); *Pearce v. State,* 513 S.W.2d 539 (Tex.Cr. App.1974).

*Smith,* 683 S.W.2d at 401–02. The trial court's ruling on the challenge for cause did not constitute reversible error. Grounds of error one and two are overruled.

In ground of error three, appellant complains that the evidence was insufficient to support a conviction for the offense of capital murder, because the elements of murder merged with the elements of aggravated robbery. The aggravated robbery involved the same assault which caused the death of the victim. The State pled aggravated robbery in the indictment and set forth serious bodily injury, rather than use of or exhibiting a deadly weapon, as the aggravating factor in the charge to the jury.

▪ Appellant presents the following question: Does the merger doctrine apply to capital murder where the precedent felony (aggravated robbery) is inherent in the homicide. We hold that it does not.

▪ Appellant argues the aggravating factor in the robbery and the act resulting in the homicide (stabbing with a knife) were one and the same. He cites *Garrett v. State,* 573 S.W.2d 543 (Tex.Crim.App. 1978), and argues that there must be a showing of felonious conduct other than the assault causing the homicide to prove capital murder. *Garrett,* however, was a felony murder case, and the merger doctrine may be considered a limitation on the "felony murder rule." *See Murphy v. State,* 665 S.W.2d 116 (Tex.Crim.App.1983) (en banc), *cert. denied,* —— U.S. ——, 105 S.Ct. 93, 83 L.Ed.2d 40 (1984). *Garrett* was concerned with the statutory restriction of the felony murder doctrine which prohibits basing a felony murder prosecution on voluntary manslaughter, *i.e.,* aggravated assault. The purpose of the merger doctrine is to prevent the defendant's conviction for murder in the absence of an appropriate culpable mental state. If aggravated assault is the underlying felony in

a felony murder prosecution, the statutory purpose is thwarted.

The definition of capital murder requires that the defendant "intentionally or knowingly causes the death" of the victim. TEX.PENAL CODE § 19.02(a)(1) (Vernon 1979). Section 19.03(a) (Vernon Supp.1985) of the Texas Penal Code entitled Capital Murder states:

A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

(1) the person murders a peace officer or fireman who is acting in the lawful discharge of an official duty and who the person knows is a peace officer or fireman;

(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated sexual assault, or arson;

(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration;

(4) the person commits the murder while escaping or attempting to escape from a penal institution; or

(5) the person, while incarcerated in a penal institution, murders another who is employed in the operation of the penal institution.

There is no transferred intent from a lesser offense to a greater offense under the Capital Murder statute. In our case the commission of robbery is simply one example of surrounding circumstances which makes the murder more deserving of the ultimate penalty.

▪ The aggravating factors listed in § 19.03(a) were designed only to restrict the jury's discretion to impose capital punishment to "a small group of narrowly defined and particularly brutal offenses," so that it would be imposed only for the same types of the most serious crimes, in compliance with the requirements for a constitutional death penalty scheme set out

in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). *Jurek v. State*, 522 S.W.2d 934, 939 (Tex.Crim.App. 1975), *aff'd*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976). The Legislature accordingly has found it appropriate to authorize the imposition of the death penalty in cases in which a murder occurs during the commission or attempted commission of a robbery, which might be completed either by assault or by threat. The significant feature of a robbery offense is that the violence or threatened violence occurs during the course of the commission of theft. TEX.PENAL CODE § 29.02 (Vernon 1979). It is this pecuniary motive for robbery-murder that renders it more atrocious.

When this legislative purpose is recognized, the fact that robbery and murder might have a shared element becomes irrelevant. Despite appellant's unique argument, ground of error three is overruled.

Accordingly, the conviction is affirmed.