Mark Matthew **CONKLIN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–86–0394–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1987.

Thomas W. McQuage, Galveston, for appellant.

Michael J. Guarino and Michael E. Clark, Houston, for appellee.

Before JACK SMITH, DUGGAN and COHEN, JJ.

OPINION

COHEN, Justice.

Appellant was found guilty of aggravated sexual assault. The jury assessed punishment at 20 years confinement.

In his sole point of error, appellant contends that the trial court erred in granting the State's challenge for cause of a venireman struck for his prejudice against imposing the maximum penalty authorized by law for this offense. Appellant argues that such prejudice was not shown.

■ If the trial court erroneously grants the State's challenge for cause, the effect is to give the State an additional peremptory strike. *Payton v. State*, 572 S.W.2d 677, 680 (Tex.Crim.App.1978). Harm is shown if the State used all its peremptory challenges and the excused venireman would have served except for the court's action. *Weaver v. State*, 476 S.W.2d 326 (Tex.Crim.App.1972). The record here reflects that each side exhausted its peremptory strikes.

In evaluating the court's action, we review all of the venireman's responses during voir dire. Deference is accorded to the trial court's position to observe the venireman's demeanor and gauge his sincerity. *See Phillips v. State*, 701 S.W.2d 875 (Tex. Crim.App.1985), *cert. denied*, — U.S. —, 106 S.Ct. 3285, 91 L.Ed.2d 574 (1986).

■ Considering all the statements by this venireman, we conclude that the trial court properly sustained the State's challenge for cause. Although the venireman equivocated when appellant's trial counsel tried to rehabilitate him, his responses, as a whole, indicated a prejudice against the maximum penalty for the crime alleged. When asked if he could, given appropriate facts, sentence someone to life in the penitentiary for this type of offense, he stated that although punishment was deserved, he could not vote for a life sentence. The prosecutor and defense counsel then both explained that there was a range of possi-

ble punishment for this type of aggravated sexual assault and asked again whether, given an appropriate fact situation, he could assess the maximum penalty. The venireman responded negatively three times, then responded affirmatively when asked about a hypothetical case, the repeated rape of a 3–year-old child. He then reiterated that a life sentence seemed too harsh to him and that he could never assess the maximum in this type of case. Finally, he claimed that he could consider the full punishment range for a habitual offender.

The indictment alleged that appellant caused the penis of a child under 14 years of age to penetrate his mouth, an offense under Tex.Penal Code Ann. sec. 22.-011(a)(2)(C) and 22.021(a)(5) (Vernon Supp. 1987). Defense counsel's hypothetical concerning the rape of a 3–year-old related to a different offense, although it would also constitute aggravated sexual assault. *See* Tex.Penal Code Ann. sec. 22.011(a)(2)(A). The fact that the venireman could consider the full punishment range for "rape," a violation of sec. 22.011(a)(2)(A), did not qualify him to serve in this case, which was brought under sec. 22.011(a)(2)(C). The two parts of the statute have different elements, and the State was entitled to jurors who could consider the full punishment range for the offense on trial, not one with different elements, covered by a different statutory provision. Additionally, the affirmative answer to the hypothetical inquiring about the *repeated* rape of a 3–year-old would not qualify the venireman, because it indicated only that he could consider life imprisonment for a defendant guilty of *several* first degree felonies. The State was entitled to a juror who could consider the full punishment range for the commission of a single first degree felony.

A challenge for cause is proper when a venireman cannot consider the full range of punishment. *Nethery v. State,* 692 S.W.2d 686, 691–92 (Tex.Crim.App.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986). The court did not abuse its discretion in granting the State's challenge for cause. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.