NO. 07-05-0307-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2007
_____

JONATHAN JOEY MENDOZA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 50,762-E; HONORABLE ABE LOPEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Jonathan Joey Mendoza appeals his conviction of aggravated assault against his mother.  The jury assessed punishment at 20 years confinement and a $10,000 fine.  We affirm.

Appellant does not contest the evidence he assaulted his mother in January 2005.  His complaints on appeal challenge the sufficiency of the evidence that he used a deadly weapon, the aggravating factor in the assault, *see* Tex. Pen. Code Ann. § 22.02(a)(2)

(Vernon Supp. 2006), and admission of evidence supporting that element. He also assigns error to the admission of extraneous offense evidence.

The events giving rise to appellant's prosecution began when appellant and his four-year-old son, Ace, went to the home of appellant's mother, Yolanda Garcia. Garcia asked appellant about a mark on Ace's face and was told appellant had slapped Ace. Garcia and appellant began to argue over his treatment of Ace. During that argument appellant grabbed Garcia's hair and pressed a hard object against her head and told her not to "call the cops on me." Appellant released Garcia and took her mobile phone as she left to pick up her daughters. Within minutes Garcia related the events to her sister who called the police. When officers arrived some twenty minutes later, Garcia was still upset and told them appellant had placed a gun to her head. Garcia provided a written statement alleging appellant pulled a small gray pistol on her and had threatened to kill her if she reported him to the police. At trial Garcia admitted telling police appellant had a gun but said she had only assumed it was a gun and never saw the object. The State introduced a pistol police found on a dresser in appellant's house located across the street from Garcia's house.

Appellant's first issue challenges the factual sufficiency of the evidence that he used or exhibited a deadly weapon. Appellant's four remaining issues challenge the admission of evidence.

Appellant's factual sufficiency challenge is based on the discrepancy between Garcia's statement to police that appellant used a firearm and her trial testimony that she did not see a firearm. She testified she was "not sure if it was a pistol or not."[1]

Evidence supporting guilt, though legally sufficient, may be factually insufficient because it is so weak that the jury's verdict seems clearly wrong and manifestly unjust, or because evidence contrary to the verdict is such that the jury's verdict is against the great weight and preponderance of the evidence. *Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex.Crim.App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000). In a factual sufficiency review, we consider all the evidence, in a neutral light. *Marshall*, 210 S.W.3d at 625; *Watson*, 204 S.W.3d at 414. Although an appellate court's authority to review factual sufficiency permits the court to disagree with the fact finder's determinations, the appellate court must accord them due deference, particularly those determinations concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9. When there is a conflict in the evidence, we may not find the evidence factually insufficient simply because we disagree with the jury's resolution of the conflict. Rather, we must first be able to say, with some objective basis in the record, that the great weight and preponderance of all the evidence contradicts the jury's verdict. *Watson*, 204 S.W.3d at 417.

Here, the evidence appellant used a deadly weapon included Garcia's statement to police shortly after the event and appellant's threat to kill Garcia while he held the object

---

[1] As the State's brief puts it, Garcia was a reluctant witness at her son's trial. She acknowledged she "did not want to see [appellant] in trouble."

3

to her head, supporting an inference the object was a deadly weapon. There is no evidence in the record contrary to the jury finding appellant used a deadly weapon. Garcia never testified appellant did not have a firearm, only that she did not see the object. We see no basis on which to disturb the jury's apparent acceptance of the statements Garcia made at the time of the offense. The evidence supporting the deadly weapon finding is factually sufficient. Appellant's first issue is overruled.

Each of appellant's remaining issues challenge evidentiary rulings. We review a trial court's admission or exclusion of evidence for abuse of discretion. *Cunningham v. State*, 877 S.W.2d 310, 313 (Tex.Crim.App. 1994). Under that standard, we uphold a trial court's ruling if it is correct under any theory of law applicable to the case. *Carrasco v. State*, 154 S.W.3d 127, 129 (Tex.Crim.App. 2005); *Jones v. State*, 833 S.W.2d 118, 125 n. 15 (Tex.Crim.App. 1992) ("the mere fact that a correct ruling is given for the wrong reason will not result in a reversal").

In his second issue appellant complains of the admission of five photographs of his son. The photographs showed the mark left on the boy's cheek from the slap by appellant and an injury to his upper lip. Each injury was depicted by two photographs from different angles. The fifth photograph simply shows Ace standing by a fence. Appellant initially objected to the relevance of the photographs. On overruling of that objection he challenged admission on the basis the prejudicial effect outweighed the probative value. *See* Tex. R. Evid. 403. This objection also was overruled. Appellant now complains the trial court failed to balance the probative value of the evidence against the risk of unfair

4

prejudice as required by Rule of Evidence 403. The State correctly notes that the required balancing need not be affirmatively shown on the record. *See Parmer v. State*, 38 S.W.3d 661, 670 (Tex.App.–Austin 2000, pet. ref'd). *See also Wilson v. State*, 7 S.W.3d 136, 144 (Tex.Crim.App. 1999). Appellant did not request the trial court to articulate its balancing of the relevant factors and nothing indicates the trial court failed to weigh the probative value against the risk of unfair prejudice. We overrule appellant's second issue.

Appellant's third issue assigns error to admission into evidence of Garcia's written statement to police. His argument in support of the issue contends the statement should not have been admitted as extrinsic evidence of a prior inconsistent statement because she unequivocally admitted making the statement. *See* Tex. R. Evid. 613(a) (establishing procedure for examining a witness concerning prior inconsistent statements made by the witness and stating extrinsic evidence of the statement is inadmissible if the witness unequivocally admits having made such statement); *Broden v. State*, 923 S.W.2d 183, 188 (Tex.App.– Amarillo 1996, no pet.) (if witness equivocates or qualifies her answer, the extrinsic evidence is admissible) (applying former rule).

During Garcia's testimony the prosecutor showed her a copy of her written statement and she admitted she had given the statement to officers. When asked if there were differences between the statement and her testimony, Garcia answered "maybe I rephrased it different or something, but it[']s all to the same thing." He then questioned her about specific differences between the written statement and her trial testimony concerning appellant's use of a firearm. Garcia sought to explain the differences by testifying she had

5

assumed the object appellant used was a pistol but she never saw the object. The prosecutor also questioned Garcia about other aspects of her written statement including that appellant had said he would kill Garcia if she called the police on him.

When the State offered the written statement into evidence appellant asserted the following objection:

> Judge, I'm going to object to the introduction of State's Exhibit No. 7. I understand it was her statement that was given that day. She has testified today in regards to the best she recalls and remembers that day. I mean, if Mr. Price wants to ask her about specifics about differences between the statement and what she said today, and give her a chance to explain it, I don't have a problem with that. I don't think that's going to be helpful to the jury as far as State's Exhibit No. 7.

When the trial court judge agreed with the prosecutor that he had "already done that," appellant stated, "Well, then I just object to the admission of State's Exhibit No. 7 then, because her testimony serves as evidence for this jury. They don't need to see it." The State initially argues appellant's argument on appeal that extrinsic evidence of the statement was inadmissible because Garcia had unequivocally admitted making the statement was not preserved for our review, and we must agree.

Unless the specific ground of objection to the admission of evidence is apparent from the context, a timely objection stating the specific ground is a prerequisite for a complaint on appeal to its admission. Tex. R. App. P. 33.1; Tex. R. Evid. 103(a)(1); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex.Crim.App. 1999) (op. on rehearing). In addition, the objection at trial must comport with the error complained of on appeal. Tex. R. App. P. 33.1; *Goff v. State*, 931 S.W.2d 537, 551 (Tex.Crim.App. 1996).

6

Appellant's objection to the trial court did not make reference to Rule 613(a) or assert the ground that the exhibit was inadmissible because Garcia admitted she made the statements contained in it. Having carefully reviewed the context in which appellant's objection was asserted, neither can we say that the ground of objection asserted on appeal was apparent from the context.[2] Accordingly, issue three is overruled.

By his fourth issue appellant argues the trial court should not have admitted an audio recording of telephone conversations between Garcia and appellant because the recording was not properly authenticated. *See* Tex. R. Evid. 901.

Although Garcia acknowledged she had telephone conversations with appellant while he was in jail, the source of the recordings presented is not clearly shown in the record. Nothing indicates the recordings were made by appellant or Garcia. After the first of three segments was played for Garcia out of the presence of the jury, she was asked if it was a telephone conversation she had with appellant while he was in jail. She responded: "I'm sure it is, if you've got it recorded." We are left to infer the recording was made by jail personnel. Authentication of an audio recording does not require proof of who made the recording or the details of how it was made. *Angleton v. State*, 971 S.W.2d 65, 68 (Tex.Crim.App. 1998) (citing cases applying corresponding federal rule on authentication).

---

[2] Indeed, a reading of the record leaves one uncertain that State's Exhibit 7 was viewed by either counsel at trial purely as impeachment evidence. No mention was made of an instruction limiting its use by the jury to that purpose. *See Hammock v. State*, 46 S.W.3d 889, 895 (Tex.Crim.App. 2001) (in absence of timely request for limiting instruction, evidence is admitted for all purposes); Tex. R. Evid. 105(a).

Rule of Evidence 901(a) provides that the requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. The specific issue raised by appellant's trial objection was to the sufficiency of the evidence establishing that the voices on the recording were those of Garcia and appellant. We review for abuse of discretion the trial court's apparent finding that the voices were theirs. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997) (recognizing trial court's broad discretion in evidentiary rulings).

As noted, before the trial court ruled on its admissibility, the recording was played while Garcia testified outside the presence of the jury. When the prosecutor played the first segment of the recording, Garcia acknowledged the recording "sounds like my voice" and the other voice "sounds like [appellant]." She expressed uncertainty that the voice on the second segment was hers, but agreed that the voice on the third segment, like the first, "sounds like my voice." She also acknowledged she was "a party to that conversation," and responded to one question by indicating that the conversation related at that point to appellant's response to a plea negotiation offer made to him. The trial court heard both Garcia's testimony and the recording, and could properly consider similarities or differences between her voice and those on the segments of the recording in making its ruling. *See* Tex. R. Evid. 901(b)(5). The contents of the recording concerned appellant's prosecution and matters to which Garcia testified, serving to further authenticate the recording. *Angleton*, 971 S.W.2d at 68. There was evidence from which the trial court reasonably could have concluded the voices on the recording were those of Garcia and

8

appellant, and Garcia's uncertainty with respect to one segment does not suggest the trial court abused its discretion by so deciding. Moreover, when the recording later was played for the jury while Garcia remained on the stand, she agreed that while some of the recorded conversation was in Spanish, the "majority of it is in English between [Garcia] and [appellant]." We overrule appellant's fourth issue.

Appellant's fifth issue challenges admission of "testimony of prior assaultive acts" committed by appellant against Garcia seven to eight years before the charged offense. When the issue was raised outside the presence of the jury, the defense argued any prior acts were not relevant and suggested the prosecutor question Garcia on voir dire to permit the court to determine relevancy. The State argued the evidence was relevant to the issue of appellant's intent to threaten imminent bodily injury[3] and to correct the false impression left by Garcia's testimony that the charged assault was unlike any of appellant's prior conduct toward her.[4] The State further argued it should be permitted to "impeach [Garcia] on those instances."

---

[3] The State reiterates this contention on appeal. We do not address it.

[4] We reject the State's appellate argument that injection of the extraneous offenses was permitted under the holdings of *Garcia v. State,* 454 S.W.2d 400, 405 (Tex.Crim.App. 1970), and *Creekmore v. State,* 860 S.W.2d 880, 892 (Tex.App.–San Antonio 1993, pet. ref'd), that "[w]hen a defendant presents evidence he would never engage in the charged conduct, he has 'opened the door' to impeachment through evidence of relevant extraneous offenses." That holding has no application where, as here, the evidence creating a false impression was introduced by the State through its own witness and not by the defense. Our courts have consistently held that to justify use of extraneous offense evidence to correct a false impression, the testimony creating the false impression must be elicited by the defense and not the State. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex.Crim.App. 2002); *Blackwell v. State*, 193 S.W.3d 1, 28 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd).

During voir dire, Garcia testified she did not recall telling police officers in March 1997 appellant had attempted to hit her and in May 1997 he had struck her. Nor did she recall telling a detective after the May incident she did not want to seek prosecution. When asked whether she had told police appellant punched her in the face in January 1998, she emphatically denied that had ever happened. The State contended it should be allowed to ask the same questions so Garcia "can deny them and say she doesn't remember them in front of the jury." Appellant reiterated his objections, asserting the "prejudicial effect of those questions, Judge, outweighs the probative value," the prior acts were not relevant, and the police reports were hearsay. The court overruled the objections, citing Garcia's prior testimony that appellant had never engaged in any acts of violence toward her. Before the jury the State questioned Garcia about the March and May 1997 and January 1998 events. She admitted calling police and reporting appellant as a runaway in 1997 but did not recall telling officers on either occasion he had struck her or attempted to strike her. She again denied appellant struck her in the face in January 1998. No extrinsic evidence of the events was offered.

The State now argues no extraneous offense evidence was presented so no error can be predicated on introduction of such evidence. It cites *Pearce v. State*, 513 S.W.2d 539, 543 (Tex.Crim.App. 1974), in which the court stated reversal for "an improper question" is rare. We find *Armstead v. State*, 977 S.W.2d 791 (Tex.App.–Fort Worth 1998, pet. ref'd), more closely resembles the case at bar. In *Armstead*, the court considered a claim a witness called by the State was improperly impeached with statements the witness had made during a pretrial interview with prosecutors, but disremembered at trial. The

10

statements made to prosecutors were presented in front of the jury only through leading questions asked by the State on direct examination.[5] *Id*. at 796.  Like the court in *Armstead*, we will evaluate appellant's claim of error under case law addressing the State's misuse of its ability, under Rule of Evidence 607, to impeach its own witness.

Appellant's trial objection that the State's impeachment questioning of Garcia was more prejudicial than probative provides the proper framework for analysis of any error in the trial court's ruling permitting the line of questioning.  In *Hughes v. State*, 4 S.W.3d 1 (Tex.Crim.App. 1999), the court adopted a Rule 403 analysis for evaluation of a trial court ruling allowing the State to impeach its witness with prior inconsistent statements.  Application of that analysis leads to the conclusion the trial court did not abuse its discretion by permitting the State to question Garcia about her prior statements to police.

The court in *Hughes* found that a trial court abuses its discretion under Rule 403 when it permits the State to introduce otherwise inadmissible impeachment evidence for the primary purpose of placing it before the jury with the hope the jury will misuse it by considering it for its truth.  *Id*. at 5.  We find little risk of prejudice to appellant from misuse by jurors of information learned from the State's impeachment questioning of Garcia.  The questioning dealt with her prior statements referring to assaults by appellant.  There was little dispute at trial that appellant had assaulted his mother in the incident at bar.  The dispute was over his use of a firearm.  As described during the State's questioning, none of the extraneous incidents involved a firearm.  The line of questioning served the State's

---

[5] A prior written confession by the witness and his letter to prosecutors was subsequently admitted into evidence by the defense.

case by providing the jury a reason to discount Garcia's testimonial effort to mitigate her son's offense, not by providing the jury with evidence of guilt the State could not introduce otherwise. *See, e.g., Hughes*, 4 S.W.3d at 3 (impeachment evidence included otherwise inadmissible testimony of appellant's confession). We overrule appellant's fifth issue.

Finding no reversible error in the trial court's judgment, we affirm that judgment.

James T. Campbell
Justice

Do not publish.

12