

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00063-CR

CODY WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F1633-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

As a result of his violent encounter with a juvenile he met online, a Bowie County jury convicted Cody Williams of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams,[1] aggravated kidnapping,[2] unlawful possession of a firearm by a felon,[3] and aggravated robbery.[4]  The jury assessed Williams's punishment at four years' imprisonment for possession of a controlled substance, fifty years' imprisonment for aggravated kidnapping, eight years' imprisonment for unlawful possession of a firearm by a felon, and twenty years' imprisonment for aggravated robbery.  The trial court imposed the assessed sentences and ordered that they run concurrently.

In this appeal, Williams appeals his conviction for possession of a controlled substance in an amount of one gram or more but less than four grams.[5]  Williams contends that the trial court erred when it struck a venireperson for cause and denied his request to sever the charge of unlawful possession of a firearm by a felon for a separate trial and that the judgment of conviction should be modified to reflect the correct statute of offense.  Because we find that Williams was not harmed by the trial court's dismissal of the venireperson for cause and that the trial court did not err when it denied Williams's untimely request to sever the charge of unlawful

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 20.04(b).

[3]*See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Supp.).

[4]*See* TEX. PENAL CODE ANN. § 29.03(a)(2).

[5]In our cause numbers 06-23-00064-CR, 06-23-00065-CR, and 06-23-00066-CR, Williams appeals his convictions for aggravated kidnapping, unlawful possession of a firearm by a felon, and aggravated robbery, respectively.

possession of a firearm by a felon, we will affirm the trial court's judgment of conviction. However, we will modify the judgment to reflect the correct offense of conviction and statute of offense.

We set forth the evidence introduced at trial in our opinion in cause number 06-23-00064-CR, which addresses the appeal of Williams's conviction for aggravated kidnapping. Therefore, we will not repeat that recitation in this opinion.

## I. The Trial Court's Dismissal of Venireperson Number Three for Cause Was Harmless

### A. Standard of Review

Williams asserts in his first issue that the trial court erred when it struck venireperson number three for cause because he could not consider the full range of punishment.[6] "Both the State and [Williams] are entitled to jurors who can consider the entire range of punishment for the particular statutory offense—*i.e.,* from the maximum to the minimum and all points in between." *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010) (citing *Johnson v. State*, 982 S.W.2d 403, 405–06 (Tex. Crim. App. 1998)). "If a juror cannot consider an offense's full range of punishment, the juror is subject to a challenge for cause." *Dominguez v. State*, No. 06-13-00164-CR, 2014 WL 1856848, at \*2 (Tex. App.—Texarkana May 8, 2014, pet. ref'd) (mem. op., not designated for publication) (citing *Cardenas*, 325 S.W.3d at 184).

We review a trial court's dismissal for cause of a venireperson for abuse of discretion, and we will "reverse only if a clear abuse of discretion is evident." *King v. State*, 29 S.W.3d

---

[6]Williams also asserts that the trial court erred by striking venireperson number three because he could not follow the law regarding unlawful possession of a firearm by a felon, and the State agrees. However, it appears that the trial court struck venireperson number three only because he could not consider the full range of punishment.

3

556, 568 (Tex. Crim. App. 2000) (citing *Chambers v. State*, 866 S.W.2d 9, 22 (Tex. Crim. App. 1993)). "We review the trial court's decision in light of the venireperson's voir dire as a whole." *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003). In our review, "considerable deference is given to the trial court because it is in the best position to evaluate the venire[person]'s demeanor and responses." *King*, 29 S.W.3d at 568 (citing *Wainwright v. Witt*, 469 U.S. 412, 429 (1985)). "When the [venireperson]'s answers are vacillating, unclear or contradictory, particular deference is accorded to the trial court's decision." *Id.* (citing *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998)).

**B.      Background**

During the State's voir dire, the following exchange occurred:

> [BY THE STATE]: . . . . Does anybody believe that they will have a hard time rendering a judgment on punishment in regards to the minimum or the maximum amount on these cases? For an example, life is on the table in this case. I had a jury trial last year where we went through the same situation and I had jurors that could agree. After the fact we went back there and talked to them and two of the ladies said, well, he didn't kill anybody so we couldn't give him life in prison. Well, they should have told me that in voir dire, which would have let me know that they cannot consider the full range of punishment. It would have taken somebody to die for them to give the person life in prison. Now, do I have anybody with that thought process here? Number ten? You got to stand up for me.

> VENIREPERSON NUMBER TEN: Just the same thing. He didn't kill anybody, he shouldn't get life in prison.

> . . . .

> VENIREPERSON NUMBER THREE: I feel the same way.

> . . . .

> [BY THE STATE]: Number three, Mr. Betts, and he -- and you stated?

4

VENIREPERSON NUMBER THREE: If he -- if it wasn't someone killed in here, I don't -- I think that should be an opportunity for that person to not have full life.

[BY THE STATE]: And so it would take a dead body on the ground for you to give somebody life in prison?

VENIREPERSON NUMBER THREE: In some scenarios, yes.

[BY THE STATE]: What scenario would not?

VENIREPERSON NUMBER THREE: It would depend probably for me the severity of the robbery or the length of the kidnapping. I think that for prison, you know, there is some type of reform in there for that.

[BY THE STATE]: Correct.

VENIREPERSON NUMBER THREE: Which if you have life, of course, there's no reform. You're not able to.

[BY THE STATE]: Well, everybody is going to be able to parole out no matter what. And so it just depends on how good you act. In the event that -- so I guess you're saying you can consider it.

VENIREPERSON NUMBER THREE: Yes, sir.

[BY THE STATE]: You just have to listen to the facts.

VENIREPERSON NUMBER THREE: Yes.

Later, the State sought to strike venireperson number three for cause because he was not able to consider the full range of punishment, and over Williams's opposition, the trial court struck the venireperson.

C.      Analysis

Williams argues that the exchange between the State and venireperson number three showed that, although venireperson number three initially stated reluctance to assess a life

5

sentence when no one had been killed, he ultimately acknowledged that he would be able to do so. The State argues that a reasonable interpretation of the exchange was that the venireperson's response referred only to "dead body" offenses, so the record showed he would not consider the full range of punishment.

However, even assuming, without deciding, that the trial court erred, our review of the record shows that the error was harmless. Even if the trial court errs in dismissing a venireperson for cause, the error must be disregarded if it does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *see Johnson v. State*, 43 S.W.3d 1, 2 (Tex. Crim. App. 2001). "[A] substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict." *Johnson*, 43 S.W.3d at 4 (citing *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). Neither the State nor the appellant has "the burden to demonstrate whether appellant was harmed." *Id.* at 5. Rather, "it is the responsibility of the appellate court to assess harm after reviewing the record." *Id.*

Williams argues that he was harmed because he was deprived of the participation of venireperson number three, a qualified juror. In a non-capital felony case, when the trial court errs by granting the State's challenge for cause, harm is established when the record shows that the State exercised all of its peremptory challenges. *Bell v. State*, 724 S.W.2d 780, 795 (Tex. Crim. App. 1986); *Weaver v. State*, 476 S.W.2d 326, 327 (Tex. Crim. App. 1972). In this case, both the State and Williams were entitled to ten peremptory challenges. *See* TEX. CODE CRIM. PROC. ANN. art. 35.15(b). The State's jury panel list showed that it only exercised seven of its ten peremptory challenges. Because the State might have used one of its unused peremptory

6

challenges to exclude venireperson number three, the record does not show that venireperson number three "would have served except for the [trial] court's [error]." *Pearce v. State*, 513 S.W.2d 539, 541 (Tex. Crim. App. 1974); *see Culley v. State*, 505 S.W.2d 567, 570 (Tex. Crim. App. 1974). As a result, the record does not show that Williams was harmed by the alleged trial court error.

Based on this record, we find that any error by the trial court was harmless. We overrule Williams's first issue.

## II. Williams's Motion to Sever Was Untimely

In his second issue, Williams asserts that the trial court erred when it denied his motion to sever the charge of unlawful possession of a firearm from the three other charges. He argues that he was entitled to a severance and that he was prejudiced in regard to the other three charges because the jury was informed of his prior felony conviction.

### A. Procedural Background

In January and February 2022, a Bowie County grand jury issued separate indictments that charged Williams with possession of a controlled substance, aggravated kidnapping, unlawful possession of a firearm by a felon, and aggravated robbery. On January 9, 2023, the State filed its notice of intent to consolidate the four cases for trial pursuant to Section 3.02 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 3.02. On January 10, 2023, the trial court entered its order consolidating the four cases for trial. On March 7, 2023, the final pretrial hearing was held, and Williams announced that there were no matters to take up. One week

7

later, on the day of trial, Williams asserted an "oral motion to sever the unlawful possession of a firearm by a felon" charge, which the trial court denied.

### B.     Williams's Motion Was Untimely

When, as here, several offenses arise out of the same criminal episode, they may be consolidated for trial.  TEX. PENAL CODE ANN. § 3.02(a).  Subject to exceptions not applicable in this case, "[w]henever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses."  TEX. PENAL CODE ANN. § 3.04(a) (Supp.).  Further, when a *timely* request for severance under Section 3.04(a) is made, "the defendant's right to a severance is absolute, and severance is mandatory."  *Coleman v. State*, 788 S.W.2d 369, 371 (Tex. Crim. App. 1990) (citing *Waythe v. State*, 533 S.W.2d 802, 803–04 (Tex. Crim. App. 1976)).

In *Thornton v. State*, the Texas Court of Criminal Appeals addressed the issue of when a motion for severance under Section 3.04(a) must be filed to be timely.  *Thornton v. State*, 986 S.W.2d 615, 615 (Tex. Crim. App. 1999) (per curiam).  The court determined that "a motion to sever is a 'pleading of the defendant' as defined by Art[icle] 27.02(8)" of the Texas Code of Criminal Procedure "and is governed by Art[icle] 28.01" of the Texas Code of Criminal Procedure.  *Id.* at 617; *see* TEX. CODE CRIM. PROC. ANN. arts. 27.02(8), 28.01, § 1.  Because Article 28.01 requires the pleadings of the defendant to be determined at "a pre-trial hearing before it is set for trial upon [the] merits," TEX. CODE CRIM. PROC. ANN. art. 28.01, § 1, the court determined that, to be timely, the motion to sever must be brought pre-trial as required by Article 28.01.  *Thornton*, 986 S.W.2d at 617–18.

As noted, a pretrial hearing was held in this case almost two months after the cases were consolidated for trial and one week before the cases were set for trial on the merits. The record shows that no motion for severance was ever filed, and an oral motion for severance was not asserted at the pretrial hearing. As a result, Williams's oral motion for severance, which was asserted on the day of trial, "was untimely because it was not made pre-trial as required by Art[icle] 28.01." *Id.* at 618; *see Anderson v. State*, No. 04-15-00573-CR, 2016 WL 3773600, at *1 (Tex. App.—San Antonio July 13, 2016, pet. ref'd) (mem. op., not designated for publication); *Logan v. State*, Nos. 2-02-191-CR, 2-02-192-CR, 2-02-193-CR, 2-02-194-CR, 2003 WL 22253894, at *2 (Tex. App.—Fort Worth Oct. 2, 2003, no pet.) (mem. op., not designated for publication); *Hemphill v. State*, Nos. 03-99-00784-CR, 03-99-00785-CR, 2000 WL 962846, at *3 (Tex. App.—Austin July 13, 2000, pet. ref'd) (not designated for publication). Because Williams's motion was untimely, the trial court did not err by denying it. *See Anderson*, 2016 WL 3773600, at *1; *Logan*, 2003 WL 22253894, at *2. We overrule Williams's second issue.

## III.    The Judgment Must Be Modified

Williams also asserts that the trial court's written judgment referenced the wrong statute of conviction and should be modified. The State agrees.

In this case, Williams was convicted under an amended indictment that charged him with possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. Methamphetamine is listed as a penalty group 1 substance. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (Supp.). Possession of a substance listed in penalty group 1

9

in an amount of "one gram or more but less than four grams" is an offense under Section 481.115(c) of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). Nevertheless, the trial court's written judgment lists the "Offense for which Defendant Convicted" as "POSS CS PG2 >= 1G<4G" and the "Statute for Offense" as "481.116(c) HEALTH AND SAFETY CODE."

We have the authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). As a result, we will modify the trial court's judgment to reflect the correct offense of conviction and statute for the offense. We sustain this issue.

## IV. Disposition

For the reasons stated, we modify the trial court's judgment to reflect that the "Offense for which Defendant Convicted" is "POSS CS PG1 >= 1G<4G" and that the "Statute for Offense" is "481.115(c) HEALTH AND SAFETY CODE." As modified, we affirm the trial court's judgment.


Jeff Rambin
Justice


Date Submitted:    November 14, 2023
Date Decided:     November 27, 2023

Do Not Publish

10